[Crim. No. 3307.    Fourth Dist., Div. Two.    July 30, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. FRANK ANTHONY MATRANGA, Defendant and Appellant.

Jerome Weber, Bernard Mattison and David K. Golding for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Richard D. Huffman, Deputy Attorney General, for Plaintiff and Respondent.

McCABE, P. J.—In 1965 defendant was convicted of two felonies: (1) conspiracy to procure and offer a forged document for recording, in violation of section 182 of the Penal Code, and (2) conspiracy to commit grand theft, also in violation of section 182 of the Penal Code. The court withheld pronouncement of judgment and granted defendant probation for five years, subject to a number of conditions.

Among the conditions of probation were that defendant should: pay restitution in the amount of $6,000; violate no law; seek and maintain gainful employment; cooperate with the probation officer in a plan of rehabilitation; maintain a residence approved by the probation officer; and not change his address or employment without first having obtained permission of the probation officer.

On February 15, 1968, at a hearing noticed for the purpose of considering whether defendant's probation should be revoked, defendant appeared with his counsel. The trial judge who had heard the evidence at the trial in 1965, heard the matter as to possible revocation of probation. At the hearing the trial judge had before him all the evidence in the criminal trial; the probation officer's 1965 report and a 1965 supplemental report; the 1968 report of the probation officer; the complete file of defendant's case; the transcript of the proceeding before the Orange County Grand Jury which was the basis for the return of an indictment against defendant; the knowledge that defendant had been indicted in Orange County charging three counts of grand theft, one count of conspiracy to commit theft by false pretenses, and one count of conspiracy to obstruct justice; the ruling of the trial court denying a dismissal of the indictment. We have had the record augmented to include a copy of the transcript of the Orange County Grand Jury proceedings. The trial judge also had before him all of the knowledge the trial judge had absorbed during all of the antecedent legal proceedings and procedures of the case.

At the hearing on revocation of probation, the trial judge revoked the 1965 probation; arraigned defendant for sentence and pronounced judgment and sentenced defendant to the state prison. The sentence on each count was ordered to run concurrently with each other and concurrently with any other

sentence defendant was obligated to serve as a result of any prior convictions.

Defendant filed a notice of appeal "from the judgment heretofore rendered on February 15, 1968, and from the order denying probation and revoking probation." ■ Since defendant was not sentenced until after probation had been revoked, the order of revocation is an intermediate order reviewable only on appeal from the judgment. (*People* v. *Delles,* 69 Cal.2d 906, 909 [73 Cal.Rptr. 389, 447 P.2d 629]; *People* v. *Robinson,* 43 Cal.2d 143, 145 [271 P.2d 872].)

■ Undoubtedly, defendant recognizes that when he was granted probation in 1965, he had the right to appeal from that order. Further, defendant must recognize that by his failure to appeal from that order he is now precluded from appellate review of matters arising prior to the order granting probation. (*People* v. *Silva,* 241 Cal.App.2d 80, 83 [50 Cal. Rptr. 243]; *People* v. *Howard,* 239 Cal.App.2d 75, 77 [48 Cal.Rptr. 443].) At the time of the granting of probation and pronouncement of the terms of it, the defendant could have declined to accept it (*In re Hays,* 120 Cal.App.2d 308 [260 P.2d 1030]; *People* v. *Frank,* 94 Cal.App.2d 740 [211 P.2d 350]; *Lee* v. *Superior Court,* 89 Cal.App.2d 716 [201 P.2d 882]; *People* v. *Blankenship,* 16 Cal.App.2d 606 [61 P.2d 352]), which he failed to do.

■ In his contentions on this appeal, defendant asserts: the trial court abused its discretion in revoking his probation; and we should withhold our opinion on this appeal until final disposition of the appeal from the conviction arising from the Orange County indictment which will prove the trial judge on the revocation of probation hearing abused his discretion.

The latter contention or assertion has no legal standing for the trial court was required to decide the issue before it without reference to that which might or might not occur in the future. If there was an abuse of discretion at the time the trial judge revoked probation, no strength or weakness is gleaned from the possible occurrence of a future event. The trial court could not consider, prognosticate or speculate whether the defendant would be found guilty on the Orange County indictment or, if found guilty, what result might flow from an appeal therefrom.

We give a brief outline of the law which governs this appellate court on this appeal wherein the issue of abuse of discretion is defendant's central thrust.

■ The granting and continuance of probation is an act

of grace and clemency. The granting, denial or revocation of it is within the sound discretion of the trial court. (*In re Larsen,* 44 Cal.2d 642, 645 [283 P.2d 1043] ; *People* v. *Hainline,* 219 Cal. 532, 534 [28 P.2d 16] ; 29 Cal.Jur.2d, Judgments, sections 346, 363.) ▉ The primary purpose of granting probation instead of the imposition of sentence to an incarcerating institution is to help the defendant rehabilitate himself. The rehabilitation program is under the guidance and supervision of the probation officer who must have profitable and instructive sessions with the defendant. The defendant must reveal his activities and seek the assistance of the probation officer in order that the rehabilitation program will, as nearly as possible, reach fruition. The granting of probation is not meant to be painless for it has as an inherent and component part a restriction upon defendant's freedom of activities. (*In re Buehrer,* 50 N.J. 501 [236 A.2d 592, 596].)

In 1965 when probation was granted and the conditions were pronounced, the report of the probation officer indicated some doubt that the defendant could be rehabilitated. The reasons for this conclusion were specifically set forth in the report. Despite the doubt, the probation officer recommended that defendant be given an opportunity to try to do so. The defendant was made fully aware of this doubt for he received a copy of that report. That report, as is required by law, was read and considered by the trial judge. It is patently clear that from the whole record before the court, including the probation officer's report, the trial judge knew that defendant might not be able to sustain a rehabilitation program.

Within months of the granting of probation, the probation officer reported to the trial court a failure on the part of defendant to comply with the terms of probation but did not recommend a revocation of it. Again, the trial court was alerted to the possible weakness of defendant's ability to comply with the court's orders.

With this background and knowledge it could come as no surprise to the defendant when the probation officer made his 1968 report to the trial court wherein he concluded that defendant had not earnestly and sincerely entered into a program of rehabilitation but, contrarily, had designed a course of conduct diametrically opposed to rehabilitation.

Although defendant desires to narrow the vistas by contending that at the time of the revocation there had been no conviction of the crimes charged in the Orange County indictment, the trial judge was not compelled to take so narrow a

viewpoint. ▮ Circumstances not warranting a conviction may fully justify a court in revoking probation. (*People* v. *Vanella,* 265 Cal.App.2d 463, 469 [71 Cal.Rptr 152].)

Our reading of the transcript of the Orange County Grand Jury proceedings convinces us that it (the transcript) standing alone, together with the past history of defendant, would be sufficient for the trial judge to revoke probation.

▮ We have studied all of the probation officer's reports, the transcript of the proceedings before the Orange County Grand Jury, the transcript of the hearing on revocation and the record filed in this court. The trial court was fully justified in revoking probation. It is this total conduct of the defendant which is considered by the trial court in determining whether probation should be continued or revoked. (*People* v. *Delles, supra,* 69 Cal.2d 906, 910; *In re Solis,* 274 Cal.App.2d 344, 348 [78 Cal.Rptr. 919]; *People* v. *Martin,* 58 Cal.App.2d 677, 682-683 [137 P.2d 468]; *People* v. *Hunter,* 42 Cal.App.2d 87 [108 P.2d 472]; *People* v. *Fields,* 131 Cal.App. 56 [20 P.2d 988].)

We need not recite all or any of the conduct of defendant. It is in the record and we have read, studied and reviewed it. ▮ ▪The grounds for revocation need not be established beyond a reasonable doubt (*People* v. *Martin, supra*; *People* v. *London,* 28 Cal.App.2d 395-396 [82 P.2d 619]; *In re Young,* 121 Cal.App. 711, 714 [10 P.2d 154]), for it is sufficient when shown clearly and satisfactorily. (*People* v. *Vanella, supra,* 265 Cal.App.2d 463, 469; *People* v. *Sweeden,* 116 Cal.App.2d 891, 895 [254 P.2d 899].) In the case at bench, the grounds for revocation were not only clear and satisfactory, they were shown to be substantial and beyond a reasonable doubt.

▮ An appellate court will not set aside an order revoking probation unless there is a strong showing that a trial judge abused his discretion. (*People* v. *Lippner,* 219 Cal. 395, 400 [26 P.2d 457].) ▮ Defendant does not make a strong showing (or any showing) of an abuse of discretion on the part of the trial judge.

Judgment affirmed.

Tamura, J., concurred.

Gardner, J. pro tem.,* deeming himself disqualified, did not participate.

*Assigned by the Chairman of the Judicial Council.