[No. S011326. Sept. 6, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
JUAN CARLOS RODRIGUEZ, Defendant and Appellant.

COUNSEL

Fern M. Laetham, State Public Defender, under appointment by the Supreme Court, Sarah Plotkin, Deputy State Public Defender, and Dennis W. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Gary M. Mandinach as Amicus Curiae on behalf of Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White and Richard B. Iglehart, Chief Assistant Attorneys General, John H. Sugiyama, Assistant Attorney General, Herbert F. Wilkinson, Robert R. Granucci, Donna B. Chew, Gloria F. DeHart and Joanne S. Abelson, Deputy Attorneys General, for Plaintiff and Respondent.

Arlo Smith, District Attorney (San Francisco), and Donald E. Sanchez, Assistant District Attorney, as Amici Curiae on behalf of Plaintiff and Respondent.

OPINION

**PANELLI, J.**—Juan Carlos Rodriguez (Rodriguez) appeals from a judgment sentencing him to two years' imprisonment following his conviction for burglary (Pen. Code, § 459) and subsequent revocation of probation for that offense. The trial court revoked Rodriguez's probation after finding, by a preponderance of the evidence, that Rodriguez had violated a condition of his probation by committing theft. The Court of Appeal reversed, holding that the facts in a probation revocation hearing must be proven by clear and convincing evidence. We are of the opinion that the facts supporting revocation of probation may be proven by a preponderance of the evidence. Accordingly, we reverse the judgment of the Court of Appeal.

I.

FACTS AND PROCEEDINGS BELOW

In 1985, Rodriguez was convicted of second degree burglary (Pen. Code, § 459) and placed on three years' probation. The terms and conditions of his probation included a requirement that he obey all laws and not associate with known criminals.

On February 24, 1988, Rodriguez's probation officer filed a petition to revoke Rodriguez's probation, alleging violations of Penal Code sections 666 (petty theft with prior conviction) and 484 (theft). At a probation revocation hearing held March 22, 1988, an employee of a convenience store in King City, California, testified that Rodriguez had shoplifted several pairs of work gloves from the store on the evening of December 5, 1987. The court found true the allegation that Rodriguez had violated the terms and conditions of his probation, saying, "I think the case has been proved by a preponderance of the evidence." Subsequently, the court revoked Rodriguez's probation and sentenced him for the burglary to state prison for the middle term of two years, with credit for time served. (Pen. Code, §§ 18, 461, subd. 2.)

The Court of Appeal held that the grounds for revocation of probation must be established by clear and convincing evidence. Noting that "the case was properly and fairly tried up to the point of decision where the process faltered only on the applicable standard of proof," the Court of Appeal reversed the judgment of the trial court and remanded for further proceedings consistent with its opinion.

We granted review to determine the proper standard of proof in a probation revocation hearing.

## II

### DISCUSSION

Pursuant to Penal Code section 1203.2, subdivision (a) (section 1203.2(a)), a court is authorized to revoke probation "if the interests of justice so require and the court, in its judgment, has reason to believe . . . that the person has violated any of the conditions of his or her probation . . . ."[1] ■ Thus, the question presented in this case is whether "reason to believe" that a probationer has violated the conditions of his probation, sufficient to permit a court to revoke probation pursuant to section

---

[1] Section 1203.2(a) provides, in relevant part, "At any time during the probationary period of a person released on probation . . . if any probation officer or peace officer has probable cause to believe that the probationer is violating any term or condition of his or her probation . . . , the officer may . . . rearrest the person and bring him or her before the court or the court may, in its discretion, issue a warrant for his or her rearrest. Upon such rearrest, or upon the issuance of a warrant for rearrest the court may revoke and terminate such probation if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation officer or otherwise that the person has violated any of the conditions of his or her probation, has become abandoned to improper associates or a vicious life, or has subsequently committed other offenses, regardless whether he or she has been prosecuted for such offenses."

1203.2(a), must be proven by clear and convincing evidence or whether some other standard of proof applies.

Considerations of both law and policy dictate that the facts in a probation revocation hearing be provable by a preponderance of the evidence.

First, constitutional principles permit the revocation of probation when the facts supporting it are proven by a preponderance of the evidence. While no constitutional provision declares a standard of proof for probation revocation hearings, the United States Supreme Court has indicated that due process requires no stricter standard of proof in probation revocation hearings than a preponderance of the evidence.

In *Morrissey* v. *Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593], the court pointed out that as revocation of parole is not part of a criminal prosecution, "the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." (*Id.* at p. 480 [33 L.Ed.2d at p. 494].) The court then listed the "minimum requirements of due process" for parole revocation hearings. (*Id.* at pp. 488-489 [33 L.Ed.2d at p. 499].) These requirements are: (1) written notice of claimed violations, (2) disclosure of adverse evidence, (3) the right to confront and cross-examine witnesses, (4) a neutral and detached hearing board, and (5) a written statement by the fact finders as to the evidence relied on and the reasons for revocation. (*Id.* at p. 489 [33 L.Ed.2d at p. 499].)

Manifestly, "[a]mong the most significant respects in which *Morrissey's* 'minimum requirements of due process' [for parole revocation] [citations] differ from the 'full panoply of rights due a defendant [in a criminal prosecution]' [citations], are with regard to the burden of proof on the state . . . ." (*People* v. *Coleman* (1975) 13 Cal.3d 867, 876-877, fn. 8 [120 Cal.Rptr. 384, 533 P.2d 1024], quoting *Morrissey* v. *Brewer, supra,* 408 U.S. at pp. 489, 480 [33 L.Ed.2d at pp. 494, 499].) Parole and probation revocation hearings are equivalent in terms of the requirements of due process. (*Gagnon* v. *Scarpelli* (1973) 411 U.S. 778, 782 [36 L.Ed.2d 656, 661, 93 S.Ct. 1756]; *People* v. *Coleman, supra,* 13 Cal.3d at pp. 876-877, fn. 8.) It follows that the requirements of due process at a probation revocation hearing do not include a heightened standard of proof.

That a standard of "clear and convincing" is not constitutionally required is also shown by the decisions of the United States Courts of Appeals in probation revocation cases in the federal system. Their approach is summarized in *United States* v. *Miller* (6th Cir. 1986) 797 F.2d 336, 339, footnote 4: "[The Federal Rules of Criminal Procedure] do[] not specify a

standard to be applied by the district court in a revocation hearing, but merely outline[] procedures to be followed. [¶] The case law, however, indicates that granting or revoking probation is reserved to the district court's sound discretion. *See, e.g., United States* v. *Sackinger,* 704 F.2d 29, 32 (2d Cir. 1983); *Tiitsman* v. *Black,* 536 F.2d 678, 681 (6th Cir. 1976); *United States* v. *Shapiro,* 491 F.2d 335, 336 (6th Cir. 1974); *United States* v. *Taylor,* 449 F.2d 117, 118 (9th Cir. 1971). ' "All that is required for the revocation of probation is enough evidence to satisfy the district judge that the conduct of the petitioner has not met the conditions of probation." ' *United States* v. *Turner,* 741 F.2d 696, 698 (5th Cir. 1984) (quoting *United States* v. *Dozier,* 707 F.2d 862, 865 (5th Cir. 1983). *See also United States* v. *Guadarrama,* 742 F.2d 487, 489 (9th Cir. 1984); *United States* v. *Francischine,* 512 F.2d 827, 829 (5th Cir.), *cert. denied,* 423 U.S. 931, 96 S.Ct. 284, 46 L.Ed.2d 261 (1975). To reverse a [probation] revocation order, the probationer must establish that the district court abused its discretion. *United States* v. *Ramirez,* 675 F.2d 707 (5th Cir. 1982) (per curiam); *Francischine,* 512 F.2d at 829."

The constitutionality of proof by a preponderance of the evidence of the facts supporting probation revocation derives from the fact that "[r]evocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special [] restrictions." (*People* v. *Coleman, supra,* 13 Cal.3d at p. 877, fn. 8, quoting *Morrissey* v. *Brewer, supra,* 480 U.S. at p. 480 [33 L.Ed.2d at p. 494].) Even though deprivation of this conditional liberty is "a serious deprivation requiring that the [probationer] be accorded due process," (*Gagnon* v. *Scarpelli, supra,* 411 U.S. at p. 781 [36 L.Ed.2d at p. 661]), ". . . revocation . . . is not part of a criminal prosecution[,]" (*Morrissey* v. *Brewer, supra,* 408 U.S. at p. 480 [33 L.Ed.2d at p. 494]) and, "[a]ccordingly, probation may be revoked despite the fact that the evidence of the probationer's guilt may be insufficient to convict him of the new offense." (*In re Coughlin* (1976) 16 Cal.3d 52, 56 [127 Cal.Rptr. 337, 545 P.2d 249].)

Thus, due process has not required a heightened standard of proof in the parole or probation revocation contexts. Instead, legislatures have been constitutionally free to fashion these procedures as pliant tools for use by judges. Our decision today ensures that probation revocation retains such flexibility.

Second, although no statutory provision expressly declares a standard of proof for probation revocation hearings, section 1203.2(a) is properly read as permitting proof by preponderance of the evidence.

Section 1203.2(a) states that a "court may revoke . . . probation *if the court, in its judgment, has reason to believe* that the [probationer] has violated any of the conditions of . . . probation . . . or has subsequently committed other offenses . . . ." (Italics added.) ██ It has been long recognized that the Legislature, through this language, intended to give trial courts very broad discretion in determining whether a probationer has violated probation. (See, e.g., *People* v. *Lippner* (1933) 219 Cal. 395, 400 [26 P.2d 457] [" . . . only in a very extreme case should an appellate court interfere with the discretion of the trial court in the matter of denying or revoking probation. . . ."]; *People* v. *Martin* (1943) 58 Cal.App.2d 677, 683-684 [137 P.2d 468] ["[N]o particular source, manner or degree of proof is required by statute."].)

Our decision in *In re Coughlin, supra,* 16 Cal.3d 52, continues to read section 1203.2(a) as conferring great flexibility upon judges making the probation revocation determination. We held there that evidence that a probationer has committed another criminal offense during the period of his probation is admissible at a revocation hearing despite the probationer's having been acquitted of the criminal charge at trial. (*In re Coughlin, supra,* 16 Cal.3d at p. 58.) In doing so, we stated that "[a]s the language of section 1203.2 would suggest, the determination whether to grant or revoke probation is largely discretionary." (*Id.* at p. 56, citing *In re Larsen* (1955) 44 Cal.2d 642, 645 [283 P.2d 1043], and *In re Davis* (1951) 37 Cal.2d 872, 875 [236 P.2d 579].)

██ Third, the cases provide no authority for adhering to a more stringent standard than preponderance of the evidence in probation revocation hearings.

We have not previously had the occasion to address the question whether facts supporting the revocation of probation may be proven by a preponderance of the evidence,[2] though we have declared that the standard of proof in this context is lower than that obtaining at a criminal trial. (See *People* v.

---

[2] On one occasion, however, we have stated, albeit in passing, that "revocation of probation requires a finding based on preponderance of the evidence." (*People* v. *Maki* (1985) 39 Cal.3d 707, 711 [217 Cal.Rptr. 676, 704 P.2d 743].) In *Maki,* we held that hearsay evidence—in that case, a car rental invoice and a hotel receipt—may be admissible in a probation revocation hearing, but that its substance must be treated with care before it provides grounds for revocation. (*Id.* at p. 716, citing *Taylor* v. *United States Parole Com'n* (6th Cir. 1984) 734 F.2d 1152.) In doing so, we somewhat cryptically said that "[i]f the documents were admissible [the] inference [viz., that the documents were from Chicago] was reasonable and, since the revocation of probation requires a finding based on preponderance of the evidence, the court's ruling should be affirmed." (*People* v. *Maki, supra,* 39 Cal.3d at p. 711.) *Maki* cited no authority for its assumption that the preponderance-of-the-evidence standard obtains in probation revocation hearings.

*Coleman, supra,* 13 Cal.3d at p. 876; *In re Coughlin, supra,* 16 Cal.3d at pp. 58-59.)

In *People* v. *Coleman, supra,* 13 Cal.3d 867, we considered the appeal of a defendant whose probation had been revoked after he pled guilty to a charge of grand theft from the person. In recognition of the tension between a probationer's right to speak in his own behalf at his revocation hearing and his constitutional privilege against self-incrimination, we declared that the testimony of a probationer given at his revocation hearing is not admissible against him during subsequent proceedings on related criminal charges, save in certain circumstances for purposes of impeachment or rebuttal. (*Id.* at p. 891.) In reaching this conclusion, we observed in dicta that "[a] violation of a condition of probation may be established by a 'clear and convincing' showing rather than the more demanding standard of proof beyond a reasonable doubt applicable at criminal trials." (*Id.* at pp. 876-877, fn. 8, citing *People* v. *Hayko* (1970) 7 Cal.App.3d 604, 609-610 [86 Cal.Rptr. 726], and *People* v. *Vanella* (1968) 265 Cal.App.2d 463, 470 [71 Cal.Rptr. 152].)

The Court of Appeal mistakenly relied upon this dicta from *People* v. *Coleman, supra,* 13 Cal.3d 867, to conclude that "the grounds for revocation of probation must be established by clear and convincing evidence." Aside from the fact that stare decisis requires no deference to such dicta, our observation in *Coleman* cannot, logically, aid us in reaching a decision in the instant case. Obviously, that the facts in a probation revocation hearing "may" be proven by clear and convincing evidence does not mean they *must.* Whether they must, or whether they may be proven by lesser evidence, is the issue for us today.

The same analysis applies to that line of decisions of the Court of Appeal, also relied upon by the court below, which refer to "[a] clear and satisfactory" showing. Aside from the fact that the precise stringency of this standard is not clear, most of these cases declare only that such a showing is "*sufficient.*"[3] They do not establish that it is *required.*

---

[3] See *People* v. *Vanella, supra,* 265 Cal.App.2d 463, 470, citing *People* v. *Hamlin* (1957) 152 Cal.App.2d 112, 115 [312 P.2d 306], *People* v. *Sweeden* (1953) 116 Cal.App.2d 891, 895 [254 P.2d 899], and *People* v. *London* (1938) 28 Cal.App.2d 395, 396 [82 P.2d 619] (italics added). See also *People* v. *Buford* (1974) 42 Cal.App.3d 975, 985 [117 Cal.Rptr. 333]; *People* v. *Ruelas* (1973) 30 Cal.App.3d 71, 74 [106 Cal.Rptr. 132]; *People* v. *Youngs* (1972) 23 Cal.App.3d 180, 188, fn. 6 [99 Cal.Rptr. 901] (disapproved on other grounds in *People* v. *Vickers* (1972) 8 Cal.3d 451 [105 Cal.Rptr. 305, 503 P.2d 1313]); *People* v. *Hayko, supra,* 7 Cal.App.3d 604, 609; *People* v. *Matranga* (1969) 275 Cal.App.2d 328, 333 [80 Cal.Rptr. 313]. None of the courts using the "clear and satisfactory" language have explained what this phrase means or related it to the language of section 1203.2(a). Even if, as is not at all apparent, the "clear and satisfactory" standard spoken of by these cases is more stringent than proof by

In short, though "[t]he correct standard of proof to be used by the trial court in assessing whether there exists 'reason to believe' the probationer has violated his probation or committed a new offense has been variously stated [citations] . . . [,] the authorities are unanimous in concluding that the standard of proof used in a criminal trial, namely the 'beyond a reasonable doubt' standard . . . [,] is inapplicable to the probation revocation hearing. [Citations.]" (*In re Coughlin, supra,* 16 Cal.3d at p. 56.)

Thus, our previous pronouncements do not expressly declare a minimum standard of proof for probation revocation hearings. It is, however, accurate to say that there is no prior decisional basis compelling us to interpret section 1203.2(a) as requiring adherence to a more stringent standard than preponderance of the evidence.

Fourth, permitting proof by a preponderance of the evidence in probation revocation hearings furthers sound public policy.

■ Our trial courts are granted great discretion in determining whether to revoke probation. (*In re Coughlin, supra,* 16 Cal.3d at p. 56.) Such discretion "implies that in the absence of positive law or fixed rule the judge is to decide a question by his view of expediency or of the demand of equity and justice." (*People* v. *Preyer* (1985) 164 Cal.App.3d 568, 573 [210 Cal.Rptr. 807].) We agree with the petitioners that it would be anomalous to, on the one hand, grant trial courts broad discretion to revoke probation and, on the other, require fact-finding by a standard such as "clear and convincing," which requires evidence " ' "sufficiently strong to command the unhesitating assent of every reasonable mind." ' " (*In re Angelia P.* (1981) 28 Cal.3d 908, 919 [171 Cal. Rptr 637, 623 P.2d 198].)

■ In placing a criminal on probation, an act of clemency and grace (*People* v. *Hainline* (1933) 219 Cal. 532, 534 [28 P.2d 16]), the state takes a risk that the probationer may commit additional antisocial acts. Where probation fails as a rehabilitative device, as evidenced by the probationer's failure to abide by the probation conditions, the state has a great interest in being able to imprison the probationer without the burden of a new adversary criminal trial. (*State* v. *Maier* (Me. 1980) 423 A.2d 235, 239.) Requiring proof of probation violations by a standard stricter than preponderance

---

preponderance of the evidence, these cases say nothing about whether proof by "clear and convincing" evidence is required. They simply stand for the proposition that proof beyond a reasonable doubt is *not* required in a probation revocation hearing. (See *People* v. *Vanella, supra,* 265 Cal.App.2d at p. 470.) One footnote containing only dicta in a Court of Appeal decision apparently misreads them for more. (See *People* v. *Jackson* (1987) 196 Cal.App.3d 380, 386, fn. 4 [242 Cal.Rptr. 1], citing *People* v. *Coleman, supra,* 13 Cal.3d 867, and *Hayko, supra* ["A 'clear and convincing' showing is the burden of persuasion for establishing a violation of probation in California criminal proceedings."].)

of the evidence would diminish the flexibility with which probation revocation may be employed by judges and could, in some instances, force our already overburdened trial judges to give probationers virtually a second trial of their violations. (See *United States* v. *Smith* (7th Cir. 1978) 571 F.2d 370, 372.) This could result in poor-risk convicted criminals remaining at large (*ibid.*), and would further tax limited judicial resources by complicating and lengthening revocation proceedings.

In finding proof of a probation violation by preponderance of the evidence sufficient to revoke probation, we follow the majority of jurisdictions. At least 18 jurisdictions use the preponderance-of-the-evidence standard in the context of parole or probation revocation.[4] Federal courts require only " ' "enough evidence to satisfy the district judge that the conduct of the petitioner has not met the conditions of probation." ' " (*United States* v. *Miller, supra,* 797 F.2d at p. 339, fn. 4.) This "reasonably satisfied" standard is less strict than preponderance of the evidence. (*United States* v. *Smith, supra,* 571 F.2d 370, 372.) At least 14 jurisdictions use a standard of proof less stringent than preponderance of the evidence.[5] To date, only two

[4] (See, e.g., *Avery* v. *State* (Alaska 1980) 616 P.2d 872, 874; 17 Ariz. Rev. Stat. Rules of Crim. Proc., rule 27.7, subd. (c); *State* v. *LeMatty* (1979) 121 Ariz. 333 [590 P.2d 449, 451-452]; *Pearson* v. *State* (1977) 262 Ark. 513 [558 S.W.2d 149, 150]; *Ivey* v. *State* (Fla.Dist.Ct.App. 1975) 308 So.2d 565, 567; *State* v. *Hughes* (Iowa 1972) 200 N.W.2d 559, 563; *Jaynes* v. *State* (Ind.Ct.App. 1982) 437 N.E.2d 137, 139-140; *People* v. *Dawes* (1971) 132 Ill.App.2d 435 [270 N.E.2d 214, 217] affd. (1972) 52 Ill.2d 121 [284 N.E.2d 629]; *State* v. *Carter* (1980) 5 Kan.App.2d 201 [614 P.2d 1007, 1012]; *State* v. *Maier, supra,* 423 A.2d 235, 239; *People* v. *Williams* (1975) 66 Mich.App. 67 [238 N.W.2d 407, 409]; *Stone* v. *Shea* (1973) 113 N.H. 174 [304 A.2d 647, 648]; *State* v. *Reyes* (1986) 207 N.J.Super. 126 [504 A.2d 43, 48] cert. den. (1986) 103 N.J. 499 [511 A.2d 671]; *People* ex. rel. *Wallace* v. *State* (1979) 67 A.D.2d 1093 [415 N.Y.S.2d 157, 157-158]; *Barthiume* v. *State* (Okla.Crim.App. 1976) 549 P.2d 366, 367; *Comm.* v. *Del Conte* (1980) 277 Pa.Super 296 [419 A.2d 780, 781]; *Lloyd* v. *State* (Tex.Crim.App. 1978) 574 S.W.2d 159, 160; Wis.Admin.Code § H.H.S. 31.03, subd. (3)(e)(6); *State* ex. rel. *Thompson* v. *Riveland* (1982) 109 Wis.2d 580 [326 N.W.2d 768, 771-772].)

[5] (See, e.g., *Powell* v. *State* (Ala. 1986) 485 So.2d 379, 381 [reasonably satisfied standard]; Conn. Gen. Stat. § 53a-32(b); *State* v. *Smith* (1988) 207 Conn. 152 [540 A.2d 679, 682-683, fn. 5] [reliable and probative evidence]; *United States* v. *Miller, supra,* 797 F.2d 336, 339, fn. 4, and cases cited therein [reasonably satisfied standard]; *Dasher* v. *State* (1983) 166 Ga.App. 237 [304 S.E.2d 87, 89] [slight evidence]; *Herold* v. *State* (1982) 52 Md.App. 295 [449 A.2d 429, 433] [such reasonable certainty as to satisfy the court]; *Ewing* v. *Wyrick* (Mo. 1976) 535 S.W.2d 442, 444 [reasonably satisfied standard]; *State* v. *Robinson* (1980) 190 Mont. 145 [619 P.2d 813, 815] [reasonably satisfied standard]; *State* v. *Monroe* (1986) 83 N.C.App. 143 [349 S.E.2d 315, 317] cert. den. (1988) 322 N.C. 484 [370 S.E.2d 282] [reasonably satisfied standard]; *State* v. *Bourdeau* (R.I. 1982) 448 A.2d 1247, 1249 [reasonably satisfactory evidence]; *State* v. *Olson* (S.D. 1981) 305 N.W.2d 852, 853 [reasonably satisfied standard]; *Roberts* v. *State* (Tenn.Crim.App. 1979) 584 S.W.2d 242, 243 [evidence sufficient to enable the court to make a "conscientious and intelligent judgment"]; *Baxter* v. *Vermont Parole Bd.* (1985) 145 Vt. 644 [497 A.2d 362, 364-365] [facts demonstrating conduct inferior to that required by terms of release]; *Marshall* v. *Comm.* (1960) 202 Va. 217 [116 S.E.2d 270, 273] [reasonable

jurisdictions adhere uniformly to standards more stringent than preponderance of the evidence.[6] One jurisdiction requires proof beyond a reasonable doubt only where the alleged probation violation is a criminal offense; otherwise proof by a preponderance of the evidence suffices.[7] *No* jurisdiction holds that a "clear and convincing" standard is constitutionally mandated.

For the foregoing reasons, we hold that proof of facts supporting the revocation of probation pursuant to section 1203.2(a) may be made by a preponderance of the evidence.[8]

### DISPOSITION

The judgment of the Court of Appeal is reversed with instructions to affirm the judgment of the trial court.

Mosk, J., Eagleson, J., Kennard, J., and Arabian, J., concurred.

LUCAS, C. J., Concurring.—I concur in the result reached by the majority. I write separately, however, to suggest additional grounds for our holding. It is manifest that the Legislature, in providing that probation may be revoked when the court has "reason to believe" revocation is warranted (Pen. Code, § 1203.2, subd. (a)), intended the standard of proof to be no greater than a preponderance of evidence.[1] Given this fact, the primary issue

cause]; *State* v. *Leighty* (1971) 5 Wash.App. 30 [485 P.2d 91, 92] [reasonably satisfied standard].)

[6] (*State* v. *Painter* (1986) 223 Neb. 808 [394 N.W.2d 292, 294] [clear and convincing evidence]; *Sigman* v. *Whyte* (1980) 165 W.Va. 356 [268 S.E.2d 603, 607] ["clear preponderance of the evidence"].)

[7] (See *People in Interest of C.B.* (1978) 196 Colo. 362 [585 P.2d 281, 282]; Colo.Rev.Stat. § 16-11-206(3) (1973); but see *Adair* v. *People* (Colo. 1982) 651 P.2d 389, 391; Colo.Rev.Stat. § 16-7-403(2) (1973) [state must prove violation of deferred sentence by preponderance of the evidence].)

[8] In view of this conclusion, it is not necessary that we consider the Attorney General's contention that the passage of the Crime Victims Justice Reform Initiative (Prop. 115) at the June 5, 1990, Primary Election compels our adoption of the preponderance-of-the-evidence standard for facts supporting revocation of probation.

[1] In this respect, it may be wondered why we hold that even proof by preponderance of evidence is required. As the majority notes (see maj. opn., *ante*, p. 446), the federal courts have generally held that probation in the federal system may be revoked if the judge is "reasonably satisfied" that such a step is warranted, and at least two courts have held that this standard is lower than preponderance of evidence. (See *United States* v. *Smith* (7th Cir. 1978) 571 F.2d 370, 372; *United States* ex rel. *Pole* v. *O'Leary* (N.D.Ill. 1989) [Dock. No. 88C5411] ["the Illinois statutory scheme requiring that a violation be proved by a preponderance of evidence goes beyond that which is constitutionally required"]; but see *United States* v. *Sample* (E.D.Pa. 1974) 378 F.Supp. 44, 50-51 [proof by preponderance of evidence constitutionally required].)

As is suggested by the views of these courts, we arguably should consider here (even though the parties do not raise the question) whether a standard similar to that employed in

before us in this case is whether constitutional principles require a higher standard of proof.

The majority correctly holds that they do not, noting that no decision has ever required grounds for revocation to be proved *beyond reasonable doubt* (see maj. opn., *ante*, at pp. 441-442), and concluding that proof by preponderance of evidence is sufficient because revocation deprives the probationer only of "conditional liberty properly dependent on observance of special [ ] restrictions." (*Id.* at p. 442.) We should also explain why the loss of conditional liberty entailed in revocation of probation does not warrant proof by an *intermediate* standard. Use of such a standard would not be altogether unprecedented; the United States Supreme Court has held, for example, that due process affords probationers a nonabsolute right to counsel—a protection less stringent than that afforded criminal defendants but greater than that enjoyed by civil litigants. (See *Gagnon* v. *Scarpelli* (1973) 411 U.S. 778, 790 [36 L.Ed.2d 656, 666, 93 S.Ct. 1756].) The question here is whether a similar intermediate rule should govern the standard of proof in probation revocation hearings. None of the cases discussed by the majority in support of its constitutional analysis addressed, or was called on to decide, this question.

The majority notes, albeit in a different context, one relevant factor in the due process equation: only a small minority of jurisdictions require proof by more than a preponderance of evidence. (See maj. opn., *ante*, at pp. 446-447.) As the high court has held, "A legislative judgment that is not only consistent with the 'dominant opinion' throughout the country but is also in accord with 'the traditions of our people and our law,' see *Lochner* v. *New York*, 198 U.S. 45, 76 (1905) (Holmes, J., dissenting), is entitled to a powerful presumption of validity when it is challenged under the Due Process Clause of the Fourteenth Amendment." (*Rivera* v. *Minnich* (1987) 483 U.S. 574, 578 [97 L.Ed.2d 473, 478-479, 107 S.Ct. 3001].) Here, the Legislature has decreed that probation may be revoked if the court has "reason to believe" the probationer has violated one or more conditions of his probation. This judgment, in line with the standard of proof employed by the overwhelming majority of other jurisdictions, is accordingly entitled at least to a presumption of validity.

A probationer's interest in retaining his conditional liberty, although not to be demeaned, is insufficient to overcome this presumption. The mere fact that a probationer's liberty interest is "conditional" does not of its own

the federal system should also be applied in California as a matter of statutory and constitutional interpretation. For the reasons discussed below, I agree with the majority that due process does not require proof by *more* than a preponderance of evidence. Dispositive resolution of whether proof by *less* than such standard is permissible awaits a future case.

weight foreclose application of an intermediate standard of proof; despite its contingent nature, the interest is greater than that generally at issue for the civil litigant. Nevertheless, in practical terms, the fact that revocation of probation affects an interest tied to narrowly tailored restrictions distinguishes the revocation hearing from proceedings at which an intermediate standard applies. In short, the hearing threatens the probationer with a sanction less significant than those at stake in proceedings in which the high court has required proof by clear and convincing evidence. (See, e.g., *Santosky* v. *Kramer* (1982) 455 U.S. 745, 753 [71 L.Ed.2d 599, 606, 102 S.Ct. 1388] [termination of parental rights held to threaten "fundamental" liberty interest]; *Addington* v. *Texas* (1979) 441 U.S. 418, 425 [60 L.Ed.2d 323, 331, 99 S.Ct. 1804] [civil commitment to mental hospital involves "significant deprivation of liberty"]; *Woodby* v. *Immigration Service* (1966) 385 U.S. 276, 285 [17 L.Ed.2d 362, 368-369, 87 S.Ct. 483] [deportation].) Whatever "adverse social consequences" (see *Addington, supra,* 441 U.S. at p. 426 [60 L.Ed.2d at p. 331]) result from revocation of probation, they are not as stigmatic, permanent, or irreversible as those in regard to which the courts have applied a clear-and-convincing-evidence standard. (See *United States* v. *Sample, supra,* 378 F.Supp. 44.)

For these reasons, I concur in the majority's conclusion that a preponderance-of-evidence standard satisfies the requirements of due process in the probation revocation setting.

**BROUSSARD, J.,** Concurring.—I agree with the majority's conclusion that the applicable language of Penal Code section 1203.2, subdivision (a)— a "court may revoke . . . probation *if . . . the court, in its judgment, has reason to believe . . .* that the [probationer] has violated any of the conditions of . . . probation . . . or has subsequently committed other offenses . . .*" (italics added)—authorizes the revocation of probation on the basis of a "preponderance of the evidence" standard of proof. I do not agree, however, with the majority's suggestion that, *as a matter of policy,* a "preponderance of the evidence" standard is superior to a "clear and convincing evidence" standard. (See maj. opn., *ante,* at p. 445.)

If this court were free to decide the question of the applicable standard of proof at a probation revocation proceeding on the basis of our own policy determination, I would conclude, for the reasons expressed by the drafters of the American Bar Association Standards for Criminal Justice (ABA Standards), that a probationer should have "the right to require the government to establish [a probation] violation by clear and convincing evidence, unless the probationer admits the violation . . . ." (3 ABA Standards for Criminal Justice, std. 18-7.5 (2d ed. 1980) p. 525.) As the commentary to the ABA Standards explains: "Underlying [the standard's] position is the

premise that a liberty interest should not be sacrificed simply on the 'preponderance' standard, which is normally applicable only to civil trials. Otherwise, an unfortunate incentive might arise to use the revocation hearing as a substitute for a criminal prosecution with its higher standard of proof. Even where this incentive is not present, the focus of the law should be on the precipitating event that is said to justify the loss of present liberty. Where the original crime did not require incarceration, subsequent behavior that is considered sufficient to justify confinement should be established under a standard that approaches providing the same assurance of factual accuracy that a criminal trial does." (*Id.* at p. 533.)

While I personally find the position of the ABA Standards persuasive—particularly the concern expressed with the tendency to resort to revocation as a means of avoiding the constitutionally mandated procedural safeguards of an ordinary criminal prosecution—my own view of the more enlightened policy on this subject is of no moment in this case, given the controlling provisions of Penal Code section 1203.2. I agree with the majority that section 1203.2 cannot reasonably be interpreted to require that a probation violation be proved by "clear and convincing evidence." Since I find nothing in the relevant authorities to suggest that a "preponderance of the evidence" standard is constitutionally impermissible in this context,[1] I concur in the reversal of the Court of Appeal judgment.

Appellant's petition for a rehearing was denied October 25, 1990.

---

[1] See, for example, *State v. Maier* (Me. 1980) 423 A.2d 235, 238-239; *State v. Reyes* (N.J.Super.Ct.App.Div. 1986) 207 N.J.Super. 126 [504 A.2d 43]. See generally 3 LaFave and Israel, Criminal Procedure (1984) section 25.4, page 162.