Filed 12/18/13  P. v. Reyes CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GABRIEL PHILLIP REYES,<br><br>    Defendant and Appellant. | H039471<br>(Monterey County<br>Super. Ct. Nos. SS120415, SS120427) |

Defendant Gabriel Phillip Reyes appeals from an order reinstating him on probation.  He contends that there was insufficient evidence that he had violated the terms of his probation.  We affirm.

## I.  Statement of the Case

In April 2012, defendant pleaded no contest to possession of a controlled substance for sale (Health & Saf. Code, § 11351) in case No. SS120415A.  On the same day, in case No. SS120427A, he pleaded no contest to carrying a concealed firearm (Pen. Code, § 25400, subd. (a)(2)) and active participation in a criminal street gang (Pen. Code, § 186.22, subd. (a)).  He also admitted the allegation that he was not the registered owner of the firearm.  In May 2012, the trial court placed defendant on probation for three years in each case.

In January 2013, a notice of violation of probation was filed in both cases. It alleged that defendant associated with an individual on probation and possessed a controlled substance.

In February 2013, the trial court held a probation revocation hearing and found that defendant violated the terms of his probation by possessing a controlled substance. In March 2013, the trial court reinstated probation in each case.

## II. Statement of Facts[1]

At approximately 11:30 p.m. on January 27, 2013, Salinas Police Officer Ruben Sanchez was patrolling the area of South Sanborn and John Street in Salinas when he observed a gray Eclipse pull into the EconoLodge parking lot. According to Sanchez, this is an area which is known for prostitution, narcotic sales, and gang activity. Jiovany Ramirez was the driver and defendant was the passenger. Sanchez knew that defendant was on felony probation and subject to search and seizure terms. After conducting a records check, Sanchez learned that Ramirez was also on felony probation with the same terms. Defendant told Sanchez that they were there to meet someone.

Sanchez searched the vehicle and found a small, clear zip-lock baggie on the floorboard under the driver's seat. The baggie contained a white powdery substance, which Sanchez recognized as cocaine. Defendant was searched and a small, clear zip-lock baggie, which was the same kind of baggie as that found in the vehicle, was found on his person. This baggie also contained a white powdery substance similar to that found in the baggie in the vehicle.

A presumptive test of the white powder in the baggie found in the vehicle was positive for cocaine. The substance in the baggie found on defendant was not tested.

---

[1] The statement of facts is taken from the hearing on the violation of probation.

Following argument, the trial court found that defendant was in "an area known for drugs and gangs" and that he had violated the terms of his probation by possessing a controlled substance.

## III.    Discussion

Defendant contends that there was insufficient evidence to support the trial court's finding that defendant violated the terms of his probation. He argues that there was no evidence that the residue in the baggie was of a quantity capable of being used as a controlled substance.

The standard of proof required for finding a probation violation is preponderance of the evidence. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 447.) The Legislature has provided "trial courts very broad discretion in determining whether a probationer has violated probation. [Citations.]" (*Id.* at p. 443.) Thus, an appellate court reviews an order finding a probation violation under the abuse of discretion standard. (*Ibid.*)

"The essential elements of unlawful possession of a controlled substance are 'dominion and control of the substance in a quantity usable for consumption or sale, with knowledge of its presence and of its restricted dangerous drug character. Each of these elements may be established circumstantially.' [Citations.]" (*People v. Martin* (2001) 25 Cal.4th 1180, 1184.) "A *usable amount* is a quantity that is enough to be used by someone as a controlled substance. Useless traces [or debris] are not usable amounts. On the other hand, a usable amount does not have to be enough, in either amount or strength, to affect the user." (CALCRIM No. 2304.)

Here, Ramirez and defendant drove to an area known for narcotic sales to meet someone at approximately 11:30 p.m. In conducting a search of the vehicle, Sanchez found a small, clear zip-lock baggie containing a white powdery substance, which tested presumptive positive for cocaine, under Ramirez's seat. Though the baggie found on defendant was not tested, it was the same type of baggie and contained a similar white

3

powder as that found under the driver's seat. Based on the time of night, his location in an area known for narcotics sales, and the similarity of the baggies and their contents, the trial court could reasonably conclude that the prosecutor had proved by a preponderance of the evidence that defendant possessed a usable amount of cocaine. Thus, the trial court did not abuse its discretion in finding that defendant violated the terms of his probation.

## IV. Disposition

The order is affirmed.

_____
Mihara, J.

WE CONCUR:

_____
Elia, Acting P. J.

_____
Grover, J.

4