

FILED

DEC 23 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ALY TAMBOURA, | No. 11-17243 |
| Petitioner - Appellant, | D.C. No. 5:08-cv-01143-JF |
| v. | MEMORANDUM* |
| ROBERT L. AYERS, Jr., Warden, | |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Argued and Submitted December 3, 2013
San Francisco, California

Before: GOULD and PAEZ, Circuit Judges, and HUFF, District Judge.**

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Marilyn L. Huff, United States District Judge for the
Southern District of California, sitting by designation.

Petitioner Aly Tamboura ("Petitioner") appeals the district court's denial of his petition for writ of habeas corpus. Tamboura contends that the state trial court violated his due process right to an impartial decisionmaker at his probation revocation hearing.

We have jurisdiction to review the final order of the district court pursuant to 28 U.S.C. §§ 1291 and 2253. We review the underlying state court ruling pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.

The trial court judge conducted an in-depth probation revocation hearing to explore whether Petitioner violated the conditions of his probation and whether those violations were willful. After determining that Petitioner's conduct constituted a willful violation by a preponderance of the evidence, see People v. Rodriguez, 795 P.2d 783, 789 (Cal. 1990), the trial court judge imposed the suspended sentence.

Petitioner has not demonstrated that the trial court judge predetermined the result of the probation revocation hearing. The trial court judge's statements during the proceedings did not display the type of deep-seated antagonism that would make fair judgment impossible. See Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial remarks during the course of a trial that are critical or

2

disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.").

On the basis of the record, and taking into account the high degree of deference that the court must afford to the findings of the state appellate court, see Hibbler v. Benedetti, 693 F.3d 1140, 1146 (9th Cir. 2012), cert denied, 133 S. Ct. 1262 (U.S. 2013), we affirm the district court's denial of the petition.

**AFFIRMED.**