Filed 10/28/15  P. v. Horace CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARCEL HORACE,<br><br>    Defendant and Appellant. | B262382<br><br>(Los Angeles County<br>Super. Ct. No. 5PH00045) |

APPEAL from an order of the Superior Court of Los Angeles County.  Jacqueline H. Lewis, Judge.  Reversed.

———

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, James William Bilderback II and Dana M. Ali, Deputy Attorneys General, for Plaintiff and Respondent.

———

Marcel Horace appeals from the order entered after the trial court found him in violation of his parole, revoked and reinstated parole on the same terms and conditions and sentenced him to 180 days in county jail. Because we conclude the evidence does not support the finding of a willful violation of parole, we reverse the order.

**FACTUAL AND PROCEDURAL BACKGROUND**

"A person who is required to register as a sex offender pursuant to Section 290 shall not remove, disable, render inoperable, or knowingly circumvent the operation of, or permit another to remove, disable, render inoperable, or knowingly circumvent the operation of, an electronic, GPS, or other monitoring device affixed to his or her person as a condition of parole, when he or she knows that the device was affixed as a condition of parole." (Pen. Code, § 3010.10, subd. (b).) Horace complied with Penal Code section 290's registration requirement. Yet, on January 5, 2015, the Division of Adult Parole Operations filed a petition for revocation of parole, alleging that Horace had violated conditions of parole by (1) absconding parole supervision and (2) disabling his GPS device when he allowed it to "transition into dead battery" status between December 23 and 30, 2014. (See Pen. Code, § 3000.08, subd. (f).) The trial court found probable cause to support a revocation of parole and preliminarily revoked parole.

The trial court held a contested parole revocation hearing on February 11, 2015. According to the evidence presented at that hearing, on May 13, 2014, Horace was released on parole under the supervision of Brian Bowers, a parole agent in the County of Los Angeles. As conditions of parole, Horace was required to wear a global positioning system (GPS) device, pursuant to Penal Code section 290, and to charge the device for at least one hour at least two times per day (every 12 hours).

Soon after, while on parole, Horace was stabbed. He spent several months in the hospital, much of the time in a coma, and had two heart surgeries. On November 28, Horace got out of the hospital. Bowers attached Horace's GPS device and reviewed with him the conditions of his parole. Bowers believed that Horace understood them. After his discharge from the hospital, Horace lived with his ex-wife and complied with the charging requirement for his GPS device.

2

On December 22, Horace charged his GPS device from 6:12 a.m. to 8:46 a.m. That night, at 11:03 p.m., the parole office received an alarm from Horace's GPS device signaling that Horace had not returned to his ex-wife's residence. The next morning, at 9:31 a.m., the GPS device was on low battery status; at 1:11 p.m., it was in critical battery status; and at 4:33 p.m. the device's battery was dead. The battery remained dead until December 27 when Horace charged it again. On December 27 and 28, Horace charged the GPS device twice a day as required. On December 30, the device was on low battery status, suggesting that Horace had not charged it for the required amount of time on December 29. Because the parole office could not track Horace's whereabouts when his device's battery was dead from December 23 to 27, Horace was considered an absconder and arrested on December 30. Bowers was on vacation from December 22 to January 5, 2015.

Horace testified in his defense that on or around December 22 his ex-wife received a telephone call telling her to come to Bakersfield to visit family. His wife was upset that he could not come with her based on his status as a Penal Code section 290 registrant. She intentionally locked Horace out of her residence until she returned on December 26 or 27. While locked out, Horace could not charge his GPS device because the charger was in the residence. He spent two nights in the plaza of the courthouse in Compton, which was near the parole office. Horace said that he sat outside the courthouse in the rain on December 24 and 25. At some point, he called the parole office and was informed that Bowers was on vacation. He also called Bowers's telephone number but did not reach him. He attempted to send Bowers a text message. Bowers believed that Horace had an old business card for him and thus messages from Horace would not have reached him.

According to Horace, "I mean, I wasn't going to go to the police station and turn myself in on the day of Christmas. But I did sleep there. And [because the GPS device was beeping] I thought that the device was going to track me to show I was doing what I could." As to why he did not go into the parole office on December 26 when it opened after being closed on Christmas day, Horace said, "[M]y mental condition, I'm thinking

3

back at the time, if I want a cup of water, I might say I want an ink pen, but I'm talking about a cup of water at that time. That's not the situation now, but I thought I was doing what was right by going and sitting in the parole office. The next day I should have went back to the parole office. But my thinking when I got up in the morning, I jumped on the train and rode the train back and forth back and forth back and forth. I thought I was doing right by sitting in the courthouse texting." On December 26 or 27, his ex-wife returned to her residence, and Horace charged his GPS device again on December 27. Horace said that he did not intend to violate parole because doing so would be "suicide" given his severe and delicate medical condition.

Based on this evidence, the trial court found true the allegations in the parole revocation petition. It revoked and reinstated parole on the same terms and conditions and, pursuant to Penal Code section 3010.10, subdivision (e), sentenced Horace to 180 days in the county jail. Horace timely appealed.

## DISCUSSION

A trial court may revoke parole under Penal Code 1203.2, subdivision (a), "if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation or parole officer or otherwise that the person has violated any of the conditions of his or her supervision . . . ." As a result, the determination whether to revoke parole is discretionary. (*People v. Galvan* (2007) 155 Cal.App.4th 978, 981-982.) "[T]he discretion that the trial court is empowered to use is predicated upon reason and law but is primarily directed to the necessary end of justice. As judges, such discretion requires the application of sound judgment that takes into consideration that life is not always predictable and that things do not always go according to plan." (*People v. Zaring* (1992) 8 Cal.App.4th 362, 379.)

"Parole and probation revocation hearings are equivalent in terms of the requirements of due process. [Citations.]" (*People v. Rodriguez* (1990) 51 Cal.3d 437, 441.) For either type of violation, the facts supporting a revocation hearing must be proved by a preponderance of the evidence. (*Ibid.*; see Pen. Code, § 3044, subd. (a)(5).) "[T]he evidence must support a conclusion the probationer's [or parolee's] conduct

4

constituted a willful violation of the terms and conditions of probation [or parole].
[Citation.]" (*People v. Galvan*, *supra*, 155 Cal.App.4th at p. 982; *People v Zaring*, *supra*, 8 Cal.App.4th at p. 379 [probation revocation reversed when evidence did not support conclusion that defendant's conduct "constituted a willful violation of th[e probation] condition"]; see *People v. Vickers* (1972) 8 Cal.3d 451, 461 [violation of probation assesses whether probationer is "volitionally guilty of any misconduct"].) Appellate courts have reversed violation findings when the conduct at issue does not demonstrate irresponsibility, contumacious behavior or disrespect for the orders and expectations of the court. (E.g., *Galvan*, at p. 984 [probation violation finding reversed when defendant did not report to probation within 24 hours as required because he had been deported after release from county jail, could assume requirement had been waived and thus did not willfully violate probation condition]; *Zaring*, at p. 379 [probation violation finding reversed when defendant appeared 22 minutes late for a hearing in violation of a court order due to a change in circumstances that required her to take her children to school before going to court and thus violation was not willful].)

The evidence presented at the contested parole revocation hearing did not establish a willful violation of parole. Although Horace's GPS device went into dead battery status from December 23 to December 27, the circumstances demonstrate the violation was not willful. His ex-wife locked him out of the residence, and he could not retrieve his charger for the entire time the device was in dead battery status. When his ex-wife returned, he charged his device on December 27, as required under the terms of his parole. During the time the device's battery was dead, Horace, who had been out of the hospital after a severe injury less than one month, believed that the device was still communicating with the parole office because it was beeping. He also stayed near the parole office. He tried in multiple ways to reach Bowers but was unable to do so based on Bowers's vacation and issues with the telephone number he had for Bowers. The fact that his device went into low battery status on December 30 could not support the finding of a parole violation because the petition alleged that Horace had violated parole only by absconding and allowing the GPS device to go into dead battery status, not low battery

5

status. Based on Horace's medical condition, the attempts he made to reach Bowers and the undisputed fact that he was locked out of his ex-wife's residence where his charger was located for the entire time his device's battery was dead, Horace did not exhibit irresponsibility, contumacious behavior or disrespect for the orders and expectations of the court. (*People v. Galvan*, *supra*, 155 Cal.App.4th at p. 985; *People v. Zaring*, *supra*, 8 Cal.App.4th at p. 379.)

In concluding that Horace had violated parole, the trial court found some credibility issues with Horace's testimony. Yet, even if Horace's testimony was not credible in all respects, nothing presented by the People demonstrated that the violation was willful. The undisputed evidence showed that Horace's ex-wife had locked him out of her residence from December 23 to 27 and that his charger was in the residence. Although Horace perhaps could have tried other methods to inform the parole office that he was unable to charge his device, such as going into the office, he stayed near the office, demonstrating he was not trying to abscond from parole. Under these circumstances, given that the discretion afforded the trial court "requires the application of sound judgment that takes into consideration that life is not always predictable and that things do not always go according to plan" (*People v. Zaring*, *supra*, 8 Cal.App.4th at p. 379), the finding of a parole violation constituted an abuse of discretion.

## DISPOSITION

The order is reversed.

NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:


CHANEY, J.              LUI, J.


6