Filed 12/16/15  P. v. Williams CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>LAMONT WILLIAMS,<br><br>        Defendant and Appellant. | A143836<br><br>(Solano County<br>Super. Ct. No. VCR217746) |

Defendant Lamont Williams appeals following the revocation of his probation. He contends the trial court erred in admitting evidence of presumptive drug testing to prove he possessed methamphetamine.  We affirm.

BACKGROUND

In June 2013, the Solano County District Attorney filed an amended information alleging appellant committed assault by means likely to produce great bodily injury (Pen. Code § 245, subd. (a)(4)).[1]  Appellant pled no contest and the trial court placed him on probation.

In January 2014, probation was summarily revoked, based on a probation violation report alleging appellant had failed to report to probation, attend a drug program, abstain from illegal drugs, drug test, and attend AA/NA meetings.  In July, the District Attorney sought formal revocation following appellant's arrest for possession of a controlled substance.  At an October hearing, appellant's probation officer testified appellant had

_____

[1] The underlying facts are not relevant to the issue on appeal.

1

missed five appointments between September 3, 2013 and January 3, 2014. Appellant also failed to complete substance abuse treatment. On December 5, 2013, appellant told his probation officer he had used methamphetamine three days before, and he tested positive for methamphetamine. Subsequently, appellant failed to submit to drug testing and attend AA/NA meetings as directed.

Also at the October 2014 hearing, a police officer testified he arrested appellant on a warrant in July 2014; the officer also detained another individual who was with appellant. The officer transported them to a police station, and, after appellant got out of the patrol car, there was a piece of aluminum foil containing a white crystalline substance on the seat where appellant had been sitting. There was residue of a similar substance on appellant's hands, but not on the other suspect's hands or clothing. The officer testified that, based on his experience, the substance appeared to be methamphetamine. Using a "NIK" test kit, the officer tested the substance in the aluminum foil. It tested positive for methamphetamine. During questioning, appellant claimed the "meth" belonged to the other suspect. No confirmatory laboratory test was done on the substance in the aluminum foil.

The trial court found appellant in violation of probation. The court reinstated probation with modified conditions requiring that appellant complete a residential drug treatment program.

This appeal followed.

DISCUSSION

Appellant contends the trial court erred in admitting the evidence of the presumptive drug testing performed by the officer who arrested him in July 2014, because there was no showing the NIK test was reliable.

We conclude any error as to admission of the presumptive drug test was harmless. Even without the evidence of the drug test, it is not reasonably probable (*People v. Petrilli* (2014) 226 Cal.App.4th 814, 827) the trial court would have concluded the prosecution had failed to prove by a preponderance of the evidence (*People v. Rodriguez* (1990) 51 Cal.3d 437, 447) that the substance in the aluminum foil was

methamphetamine. The police officer, who had seen methamphetamine on around 40 prior occasions, testified the substance in the aluminum foil looked like methamphetamine, and appellant himself referred to it as "meth."

That evidence was sufficient to prove the substance was methamphetamine. As explained in *People v. Sonleitner* (1986) 183 Cal.App.3d 364, 369, "the nature of a substance, like any other fact in a criminal case, may be proved by circumstantial evidence." Such circumstantial evidence may include "the expert opinion of the arresting officer" and "the conduct of the defendant indicating consciousness of guilt." (*Ibid.*) In the present case, the trial court heard the officer's opinion and the officer's testimony about defendant's attempt to deny ownership of the substance and admission it was methamphetamine. Appellant points to no evidence in the record that might have led the trial court to doubt the substance was methamphetamine.

Because it is not reasonably probable the trial court would have failed to conclude appellant possessed methamphetamine had the presumptive test been excluded, defendant's claim on appeal fails.

## DISPOSITION

The trial court's judgment is affirmed.

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

BRUINIERS, J.

(A143836)

4