**Daniel Earle WALMSLEY,
Petitioner—Appellant,**

v.

**John MARSHALL, Respondent—
Appellee.**

No. 06–15051.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2006.*

Filed Feb. 6, 2007.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Maryam S. Karson, Esq., San Jose, CA, for Petitioner–Appellant.

Christopher J. Wei, Esq., Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: T.G. NELSON, GOULD, and CALLAHAN, Circuit Judges.

MEMORANDUM **

California State inmate Daniel Earle Walmsley appeals from the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges the lawfulness of his sentence imposed after a probation violation hearing in the Santa Clara County Superior Court. We review de novo the district court's denial of appellant's petition, *Beardslee v. Woodford,* 358 F.3d 560, 568 (9th Cir.2004), and we affirm.

*The Superior Court's Findings*

▮ Appellant argues that the state court of appeal unreasonably applied *Gagnon v. Scarpelli,* 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and *Black v. Romano,* 471 U.S. 606, 612, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985), by concluding that "[t]he reporter's transcript contains substantial, if not overwhelming, evidence to support the court's finding" that he violated his probation.

*Morrissey v. Brewer,* 408 U.S. 471, 498, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), established minimum due process requirements for a parole violation hearing, including the right to a hearing by a neutral hearing body, which may be composed of non-lawyers and judges, and a written statement by these factfinders as to the evidence that they relied on. *Gagnon* and *Black* extended these minimal due process protections to probation revocation hearings, holding that due process of law requires "a written statement by the factfin-

der as to the evidence relied on and the reasons for revoking probation." *Black,* 471 U.S. at 612, 105 S.Ct. 2254, citing *Gagnon,* 411 U.S. at 786, 93 S.Ct. 1756.

In denying appellant's claim, the state court of appeal relied on *People v. Scott,* 34 Cal.App.3d 702, 708, 110 Cal.Rptr. 402 (1973), which held that in a probation revocation proceeding "the making of written findings of fact is not an indispensable concomitant of due process if there is a substantially equivalent substitute therefor, such as appears from the official reporter's transcript of the oral proceedings[.]" *Scott* noted that "*Morrissey* does not require the phonographic reporting of parole revocation hearings," and reasoned that a probation violation hearing held in open court and reported by an official reporter serves the same purpose as written findings in the absence of a reporting requirement—"to dispel the atmosphere of an in camera hearing that might otherwise be present." *Id.* at 707, 110 Cal.Rptr. 402.

*Scott* is distinguishable from *Morrissey* and *Gagnon* because *Scott* prescribed due process protections for a probation revocation hearing where, unlike in *Morrissey* or *Gagnon* the hearing was before a judge and on the record. *Scott* is also in accordance with *Black* because the transcript "provides an adequate basis for review to determine if the decision rests on permissible grounds supported by the evidence." *Black,* 471 U.S. at 614, 105 S.Ct. 2254.

We conclude that the state court's application of *Scott* is not contrary to or an unreasonable application of Supreme Court law. Moreover, by relying on *Scott,* the state court did not "fail to apply the correct controlling authority." *Medina v. Hornung,* 386 F.3d 872, 877 (9th Cir.2004)

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

(describing the "contrary to" clause of § 2254(d)(1) as "failing to apply the correct controlling authority").

*Sufficiency of the Evidence*

■ We reject appellant's claim that there was insufficient evidence to support revocation of probation for failing to pay his $300 restitution fine and failing to provide proof of employment or vocational training. Appellant's reliance on *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), is misplaced. That case involved a faulty jury instruction for deliberate homicide. In contrast, appellant has already been convicted and he does not have the right to a jury determination of his revocation charges. Moreover, the state court does not have to find his violations beyond a reasonable doubt, but rather by a preponderance of the evidence. *People v. Rodriguez*, 51 Cal.3d 437, 272 Cal.Rptr. 613, 795 P.2d 783 (1990).

Appellant's claim also fails under § 2254(d)(2) (providing for relief when the state court adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"). The state court of appeal's conclusions (1) that appellant could have attempted to pay his $300 fine because he was able to purchase alcohol, and (2) that the superior court did not have to believe appellant's claims that he applied for over 80 jobs, are not unreasonable determinations of fact in light of the record of proceedings, which demonstrates that appellant took no responsibility for his probation terms and had flimsy excuses for every non-compliance, including blaming an FBI agent for giving him methamphetamine.

Furthermore, by failing to challenge the four other violations of his probation, appellant has not established any prejudice. *See Buckley v. Terhune*, 441 F.3d 688, 697 (9th Cir.2006) (explaining that under AEDPA, habeas relief may be denied when petitioner fails to show prejudice).

*Judicial Bias*

■ We also reject appellant's contention that the state appellate court applied *Arizona v. Fulminante*, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991), in an objectively unreasonable manner by concluding that the superior court judge was not biased. The state court reasonably concluded that appellant did not overcome the presumption of judicial honesty and integrity under *Withrow v. Larkin*, 421 U.S. 35, 37, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975). The state court's conclusions that the superior court's warning of incarceration was "proper and appropriate" under the circumstances was not an unreasonable application of *Fulminante* or *Withrow*. The state court appropriately concluded that the judge's comments, when viewed in context, would not have caused a reasonable person to doubt her impartiality at a future probation revocation hearing.[1]

*Ineffective Assistance of Counsel*

■ Pursuant to *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), appellant must show that counsel's conduct was objectively unreasonable and prejudicial. He argues that counsel rendered ineffective assistance by failing to subpoena medical records from the victim's post-trial hospitalization, and that the state court of appeal applied *Strickland* in an objectively unreasonable manner.

1. Because appellant failed to establish judicial bias, his argument that the state court of appeal unreasonably denied his ineffective assistance of counsel for counsel's failing to object to a biased judge also fails.

The California Supreme Court's denial of this claim was not an unreasonable application of *Strickland*. The records did not exist during trial, and appellant cites to no authority to establish that his failure to subpoena the records after he was sentenced to probation was constitutionally deficient. Moreover, any error was harmless. Not only did appellant fail to show that the medical records would support a motion for a new trial, the testimony of the victim and her mother at the sentencing hearing demonstrates that the medical records would not have called the victim's credibility into question. They both explained how the stress of the situation caused the victim's hospitalization, not any delusion or fantasy.

Appellant also challenges the state court of appeal's rejection of his claim that counsel was ineffective for failing to object to the superior court judge's consideration of his conduct while on probation in her post-revocation sentencing determination. The state court's denial of this claim was not in contravention of Supreme Court precedent. The trial judge noted several aggravating circumstances both at appellant's initial sentencing hearing and his post-revocation sentencing hearing. Based on her reasons for imposing a mid-range sentence, and considering that counsel had argued for reinstatement of probation, it was not objectively unreasonable for counsel to conclude that there was no reasonable possibility of appellant receiving a mitigated sentence after he violated his probation.

*Failure to Provide an Evidentiary Hearing*

■ The district court did not abuse its discretion by denying appellant's request for an evidentiary hearing to establish his ineffective assistance of counsel claims. *See Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir.2004) (providing for an abuse of discretion review of the district court's denial of a motion for an evidentiary hearing). Appellant is not entitled to a hearing because the issues were appropriately resolved on the record. *Totten v. Merkle*, 137 F.3d 1172, 1175–76 (9th Cir.1998) (denying hearing on ineffective assistance of counsel claim when petitioner could not show prejudice).

**AFFIRMED.**