Filed 9/3/13  P. v. Melton CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C070022 |
| v. | (Super. Ct. No. CM025695) |
| DION CHRISTIAN MELTON, | |
| Defendant and Appellant. | |

On February 27, 2007, defendant Dion Christian Melton pled no contest to second degree robbery (Pen. Code, § 211[1]) and admitted personal use of a firearm (§ 12022.5, subd. (a)) in exchange for dismissal of the remaining allegations with a *Harvey* waiver.[2] Defendant was ineligible for probation absent an unusual case finding.  (§ 1203, subd. (e)(2).)

Notwithstanding the recommendations of both the probation officer and a diagnostic study (§ 1203.03) for a state prison sentence, the trial court found defendant's case to be an unusual one.  On October 18, 2007, the court imposed a seven-year state

---

[1]  Undesignated references are to the Penal Code.

[2]  *People v. Harvey* (1979) 25 Cal.3d 754.

1

prison sentence, suspended execution, and granted defendant probation for a term of four years.

After defendant's third violation of probation, the trial court lifted the stay and sentenced defendant to state prison for the previously imposed term of seven years.

Defendant appeals. He contends the trial court abused its discretion in revoking probation and lifting the stay of his prison sentence. We reject defendant's contention.

FACTS

About 3:20 p.m. on August 18, 2006, Benjamin H. and Brandon B., who were walking on a bicycle path to Nord Avenue in Chico, were assaulted by five individuals. One of the individuals, later identified as 17-year-old defendant, wore a red bandanna on his head and brandished a handgun, stating, "'You know what the fuck this is'" and "'[e]mpty your pockets,'" chambering a round into the gun. Another individual hit Benjamin in the face. Benjamin was wrestled to the ground where another person kicked him several times. Brandon was "'blind-sided'" and knocked unconscious by one of the individuals. Brandon fell to the ground where he was kicked in the head by the individuals. A wallet, cell phone, a lighter, and $6 was stolen from the victims. As the individuals fled, defendant fired the gun into the air. Brandon suffered a laceration and bruise on the back of his head. Brandon appeared to be intoxicated and was unable to recall the assault but knew his wallet and cell phone had been taken. He refused to be transported to the hospital. A police officer opined that Brandon had suffered a concussion. Benjamin had an abrasion under his left eye and some cuts to his legs. The police detained three suspects, including defendant, who matched the descriptions. Benjamin made an in-field identification of defendant and the two others. One of the suspects had Benjamin's cell phone.

When interviewed, defendant stated he had been drinking with his friends and encountered the victims on the bike path. Defendant claimed one of his friends said something, which started a fight. Defendant denied he was involved in the fighting. He claimed he found a gun on the ground and fired it into the air to stop the fight.

2

PROBATION VIOLATIONS

In July 2008, a petition alleged defendant violated probation by failing to obey all laws (trespass on railroad tracks), failing to report a law enforcement contact to his probation officer, and terminating his participation in an anger management program. Defendant admitted to not reporting the law enforcement contact and terminating his participation in the anger management program. The remaining allegation (trespass on railroad tracks) was dismissed with a *Harvey* waiver. The probation officer recommended that the trial court lift the stay on the state prison sentence. Instead, the court reinstated defendant on probation and ordered him to serve 90 days in jail and to reenroll in a 52-week anger management class and a class in chemical dependency. The court later stayed for 90 days defendant's obligation to attend the anger management classes based on his inability to pay for the classes.

In September 2010, a petition alleged defendant violated probation a second time by testing positive for alcohol on August 10, 2010, and September 13, 2010. On December 1, 2010, defendant admitted violating probation by testing positive for alcohol on September 13, 2010, and the remaining allegation (August 10, 2010, positive alcohol test) was dismissed with a *Harvey* waiver. The probation officer again recommended that the trial court lift the stay on the prison sentence. Over the recommendation of the probation officer, the trial court reinstated defendant on probation.

In November 2011, a petition alleged defendant violated probation a third time by testing positive for alcohol on October 30, 2011. Defendant admitted the allegation. The probation officer again recommended that the trial court lift the stay on the prison sentence.

At sentencing, the trial court stated its intent to lift the stay of execution of the sentence, noting defendant had been to state prison for the diagnostic study "so [he] could see what it was like" but "got out and . . . committed three violations of probation." Defense counsel sought reinstatement on probation with a treatment program, arguing defendant's current violation was based on alcohol use, he had not committed any other

3

crimes of violence, and he had almost completed his grant of probation and all probation requirements. The prosecutor agreed with the court's intended sentence, noting defendant not only continued to drink alcohol but also failed to report his contact with law enforcement to the probation officer, terminated his participation in an anger management program, and used marijuana.

The trial court rejected defense counsel's claim that defendant needed treatment for alcohol, commenting: "I don't think he needs a treatment program. I don't think he's an alcoholic and I don't think he's a drug abuser. He just drinks when he wants to [*sic*] in violation of the Court's orders." The court terminated probation as unsuccessfully completed and lifted the stay, ordering defendant to serve the previously imposed sentence of seven years in state prison.

## DISCUSSION

In support of his contention that the trial court abused its discretion in lifting the stay of sentence, defendant renews some of the arguments he presented to the trial court and some of the facts mentioned in the probation report. Defendant argues reinstatement on probation would have been in the best interests of society in view of his relative youth, the fact he had served almost all of his probation term, he had complied with probation for the most part, completing required classes and community service, furthered his education, and had not committed any other crimes of violence. We conclude the trial court did not abuse its discretion when it revoked probation and sentenced defendant to serve the previously imposed seven-year prison term.

Probation is "an act of clemency and grace." (*People v. Rodriguez* (1990) 51 Cal.3d 437, 445.) A trial court has very broad discretion in denying and revoking probation and an appellate court interferes with that discretion "'[o]nly in a very extreme case.'" (*Id.* at p. 443.) That case does not present itself here. Defendant's robbery offense in which he personally used a gun was a very serious offense. Defendant admitted he had been drinking alcohol with his friends when the underlying offense was committed. Despite being presumptively ineligible for probation, the trial court granted

4

defendant probation.  The court also granted defendant repeated opportunities to complete probation.  Despite these opportunities, defendant continued to violate probation by drinking alcohol.  As the trial court stated, defendant "just drinks when he wants to [*sic*] in violation of the Court's orders."  The trial court's decision to revoke probation and to lift the stay on the state prison sentence was not arbitrary.  There was no abuse of discretion.

## DISPOSITION

The judgment is affirmed.

HOCH        , J.

We concur:

RAYE        , P. J.

MURRAY        , J.

5