Filed 4/10/14  P. v. Robison CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE, | F067525 |
| Plaintiff and Respondent, | (Super. Ct. No. BF142506A) |
| v. | **OPINION** |
| RAYMOND RAY ROBISON, | |
| Defendant and Appellant. | |

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Robert C. Nash and John G. McLean, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Gomes, Acting P.J., Kane, J., and Poochigian, J.

## PROCEEDINGS

On July 23, 2012, appellant, Raymond Ray Robison waived his constitutional rights pursuant to *Boykin*/*Tahl*[1] after executing a plea waiver form and entered into a plea agreement. Under the original terms of the agreement, appellant faced a sentence of 12 years 4 months. Appellant admitted allegations that he committed felony grand theft (Pen. Code, § 487, subd. (a), count 1),[2] felony receipt of stolen property (§ 496, subd. (a), count 2), two counts of petty theft with a qualifying prior conviction (§ 666, counts 3 & 4), felony possession of methamphetamine (Health & Saf. Code, § 11377, count 5), and misdemeanor resistance of an officer (§ 148, subd. (a), count 6).[3] Appellant also admitted three prior serious felony convictions within the meaning of the three strikes law and seven prior prison term enhancements.

On August 21, 2012, the trial court granted appellant's request to strike the prior serious felony convictions. The court noted that its proposed sentence of 12 years 4 months was legally inappropriate. The court sentenced appellant to the upper term of three years and to seven consecutive one-year terms for each of the prior prison term enhancements for a total term of 10 years.[4] Terms on the remaining counts were stayed. The court stayed execution of its sentence and placed appellant on probation upon

---

[1]     *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122 (*Boykin*/*Tahl*).

[2]     All statutory references are to the Penal Code unless otherwise indicated.

[3]     In an unrelated case, case No. BF142713A, appellant admitted two felony allegations that he received stolen property (count 1) and committed second degree burglary (§ 460, subd. (b), count 2). The trial court later reduced these charges to misdemeanors pursuant to section 17 and sentenced appellant to concurrent terms for both counts.

[4]     The court imposed terms on the remaining felony counts but stayed them all pursuant to section 654.

various terms and conditions. Among these were that appellant serve a year in jail, not violate any other law, submit to a search of himself or his property without a warrant, not use or possess any controlled substances, not be any place where he knows illegal controlled substances are present, not associate with anyone he knows illegally possesses controlled substances, submit to drug testing, and to enroll in and complete a substance abuse counseling program approved by his probation officer.

On September 24, 2012, appellant executed a document setting forth the terms and conditions of his probation, including those set forth above. On March 13, 2013, appellant was arraigned on allegations that he violated the terms and conditions of his probation. At the conclusion of a contested hearing, the trial court found true the allegations that appellant violated the terms of his probation and revoked probation. The court lifted the stay on appellant's sentence and ordered appellant's commitment to prison for 10 years. Appellant contends the trial court abused its discretion in revoking his probation.

## PROBATION REVOCATION HEARING

Probation Officer Shaun Romans testified that appellant was one of the probationers assigned to him. Romans talked to appellant about enrolling in outpatient substance abuse counseling on September 24, 2012. Although appellant enrolled in the program provided by Community Service Organization, he dropped out of that program on November 30, 2012. Romans received a faxed letter from the program itself indicating that appellant had been dropped for excessive absences. Appellant explained that he dropped out of the treatment program because he was in pain. In February 2013, appellant admitted to Romans that several times over the previous two or three weeks he had been smoking methamphetamine.

Appellant testified that he enrolled in the substance abuse program and attended three or four of the classes but stopped his attendance when he got sick. Appellant

3

described his illness as abdominal and bowel pain caused by cancer. Appellant explained that the pain he suffers shoots through his body and makes it difficult for him to walk. Appellant said he uses a walker to assist him with walking, but did not bring it to court. When asked if he used methamphetamine in February, appellant replied that he may have but he could not remember.

Appellant had surgery in February 2013 to place pins in his shoulder. He was still suffering postsurgery pain. Appellant explained that in 1975, his colon was removed. Appellant had been taking Norco since 1995 to manage pain. Appellant asserted that he was excused from the drug treatment program for health reasons, but he denied that the program asked him for proof of his medical condition.

The court found appellant failed to complete the outpatient program and admitted to his probation officer that he used methamphetamine. The court found appellant in violation of his probation. The court noted that there was no medical evidence before it concerning appellant's health condition. The court revoked appellant's probation and lifted the stay on his 10-year sentence.

## REVOCATION OF PROBATION

Appellant contends the trial court erred in revoking his probation. We disagree.

The standard of proof required for a revocation of probation is a preponderance of the evidence to support a violation. Trial courts are granted great discretion in determining whether to revoke probation. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 445; *People v. Kelly* (2007) 154 Cal.App.4th 961, 965 (*Kelly*).) Appellate courts will not disturb the trial court's findings absent an abuse of discretion. (*Kelly*, *supra*, 154 Cal.App.4th at p. 965.) The evidence must support a conclusion that the defendant's conduct constituted a willful violation of the conditions of probation. (*People v. Galvan* (2007) 155 Cal.App.4th 978, 982; *People v. Zaring* (1992) 8 Cal.App.4th 362, 378-379.)

4

The evidence adduced in the instant action showed that although appellant enrolled in an outpatient drug treatment program, he only attended classes three or four times. The program sent appellant's probation officer notice that appellant had been dropped from the program for his failure to attend. Appellant asserted he could not attend the program due to health problems, but presented no medical evidence at the probation revocation hearing to support his assertion. As the trial court noted, appellant said he could not attend the treatment program, but found the time to acquire and use methamphetamine.

There was more than a preponderance of the evidence to establish that appellant willfully violated the terms and conditions of his probation by failing to attend the drug treatment program and by using methamphetamine. The trial court did not abuse its discretion in revoking appellant's probation and lifting the stay on his sentence.

## DISPOSITION

The judgment is affirmed.