Filed 4/20/15  P. v. Sekerke CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D066432 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CPR130208) |
| KEITH SEKERKE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Desiree Bruce-Lyle, Judge.  Affirmed.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Anthony DaSilva and Peter Quon, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

In November 2010, Keith Sekerke was sentenced to five years in state prison.  In March 2013, he was released from prison and placed on postrelease community

supervision.  In May 2014, the San Diego County Probation Officer filed a petition for revocation of Sekerke's postrelease community supervision based on the allegation Sekerke did not comply with his probation officer's direction to enroll in and complete an outpatient drug treatment program.  The court, serving as the hearing officer, found probable cause existed to support the petition and preliminarily revoked Sekerke's postrelease community supervision status.

In July 2014, following an evidentiary hearing, the trial court affirmed the revocation, reinstated Sekerke's postrelease community supervision status on the same terms and conditions originally granted, and ordered him to serve 180 days in custody. Sekerke appealed, claiming the trial court abused its discretion because the evidence was insufficient to revoke his postrelease community supervision status.

FACTUAL AND PROCEDURAL BACKGROUND

On November 1, 2010, Sekerke was sentenced to five years in state prison following his conviction for possession of a deadly weapon by a prisoner (Pen. Code, § 4502, subd. (a))[1] and misdemeanor battery by a prisoner on a non-confined person (§ 4501.5).  On March 21, 2013, he was released from state prison and placed on postrelease community supervision with the San Diego County Probation Department for three years.

On April 21, 2014, Sekerke was assigned to San Diego County Probation Officer David Pittman.  That day, Pittman interviewed Sekerke, told him he would be required to

---

[1]     All statutory references are to the Penal Code.

participate in an outpatient drug treatment program, and asked him to return to the office on April 30 for a referral to that program. When Sekerke did not report to the office as instructed, Pittman called him and told him to come to his office the next day, Thursday, May 1, at 8:00 a.m.

On May 1, Sekerke reported to Pittman at 9:15 a.m.[2] Pittman gave him the referral and told him to go to the McAlister Institute to check into an outpatient treatment program. Pittman then called McAlister to tell them Sekerke would be late, since intake was scheduled to begin at 9:15 a.m. McAlister told Pittman if Sekerke was late they would have to reschedule his intake for the following day, May 2.

Later that morning, when Sekerke arrived, McAlister told him he would have to reschedule. Pittman and Sekerke disagree about what happened next. According to Pittman, Sekerke was supposed to check in the next day, as Pittman had discussed with McAlister over the phone while Sekerke was still in his office. According to Sekerke, McAlister rescheduled his intake for Monday, May 5. Sekerke did not check in on May 2 and, on May 5, Sekerke called McAlister to tell them he could not come in because of a conflicting doctor's appointment. He also called his private medical insurance, hoping to make arrangements for intake at a different treatment center.

Sekerke never returned to McAlister. On May 12, Pittman arrested Sekerke for not complying with his directions to enroll in and complete an outpatient drug treatment

---

[2]    At the hearing, Sekerke testified that he arrived at or near 8:00 a.m., but because he was late to McAlister nonetheless, the difference is immaterial.

program.  Sekerke asserts he would have enrolled in a different program, one covered by his private medical insurance, if not for the arrest.

On May 19, 2014, Pittman filed a petition for revocation of Sekerke's postrelease community probation status.  The court, serving as the hearing officer, found probable cause existed to support the petition and preliminarily revoked Sekerke's postrelease community supervision status.  On July 9, 2014, the San Diego County Superior Court conducted an evidentiary hearing pertaining to Pittman's petition for revocation.  The court affirmed the revocation, reinstated Sekerke's postrelease community supervision status on the same terms and conditions as before, and ordered him to serve 180 days in custody.

Sekerke filed a timely notice of appeal on July 31, 2014, alleging the trial court abused its discretion by revoking his postrelease community supervision status based on insufficient evidence.

## DISCUSSION

### I

### *Standard of Review*

A trial court may revoke a defendant's probation on a finding by a preponderance of the evidence that the defendant violated one or more probation conditions.  (*People v. Rodriguez* (1990) 51 Cal.3d 437, 441-442.)  This standard applies similarly to a trial court's ability to revoke a defendant's postrelease community supervision status, which is akin to a grant of probation.  (*Id.* at p. 447.)

4

A trial court's finding that a violation has occurred is reviewed for abuse of discretion. (*People v. Rodriguez*, *supra*, 51 Cal.3d at p. 442; § 1203.2, subds. (a) & (b).) But where, as here, the trial court was required to resolve conflicting evidence during revocation proceedings, and the defendant subsequently claims the trial court based its decision on insufficient evidence, review on appeal is limited to the determination of whether, on review of the entire record, substantial evidence supports the trial court's decision. (*People v. Kurey* (2001) 88 Cal.App.4th 840, 848; *People v. Johnson* (1980) 26 Cal.3d 557, 578.) The reviewing court must construe the record in the light most favorable to the judgment below, leaving credibility of witnesses solely within the purview of the trier of fact. (*Kurey*, at pp. 848-849 [all conflicting evidence resolved in favor of decision]; *Johnson*, at p. 578.)

II

*Postrelease Community Supervision Violation*

The trial court found Sekerke in violation of his postrelease community supervision conditions for not reporting to McAlister, an outpatient drug treatment program, as directed by his probation officer. The court stated, "They directed him to return on May 2nd without the need for another referral, which is based on the testimony. He failed to report on May 2nd. End of story."

Sekerke contends the record is insufficient to establish by a preponderance of the evidence that he willfully violated the terms of his postrelease community supervision. He claims neither Pittman nor McAlister instructed him to report for intake on May 2,

5

and the trial court's finding to the contrary was based on an assumption not supported by substantial evidence.

Pittman's testimony indicates, however, that Sekerke did not report as directed. First, Pittman testified that on May 1, before Sekerke left his office, Pittman called McAlister to tell them Sekerke would be late, and McAlister told Pittman they would likely have to reschedule Sekerke's intake for the following day, May 2. Pittman then testified McAlister in fact rescheduled Sekerke for May 2, and Sekerke did not report on that date. In response to a question asking Pittman whether he knew on which date Sekerke was rescheduled for intake, Pittman stated, "Yeah. It was May 2nd. It was Friday." And in response to a question asking Pittman whether Sekerke showed up to that appointment, he stated, "No-show on Friday, May 2nd; no call on May 2nd to the program."

Sekerke asserts he was rescheduled for intake on May 5, not May 2. The trial court, siding with Pittman, disagreed. "[S]ubstantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the [applicable burden was met]," supports the trial court's decision. (*People v. Johnson*, *supra*, 26 Cal.3d at p. 578.) Pittman's testimony convinced the trial court Sekerke did not enroll in McAlister in violation of Pittman's instructions. Pittman's testimony constitutes substantial evidence. The trial court is in a better position to observe the witnesses and to generally get a feel for the case. Because we must construe the record in the light most favorable to the judgment below, we affirm.

DISPOSITION

The order is affirmed.

McDONALD, J.

WE CONCUR:

NARES, Acting P. J.

HALLER, J.

7