Filed 5/8/15  P. v. Taylor CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE


THE PEOPLE,

    Plaintiff and Respondent,

    v.

DIONN NOVELL TAYLOR,

    Defendant and Appellant.

_____/

A144160

(Solano County
Super. Ct. No. FCR-300957)


In September 2013, appellant Dionn Novell Taylor pled no contest to threatening a witness.  (Pen. Code, § 140, subd. (a).)  The court suspended imposition of sentence and placed Taylor on probation.[1]  In October 2014, the Solano County Probation Department (probation department) filed a request for a bench warrant alleging Taylor: (1) failed to report to the probation department "as requested" in August 2014; and (2) was arrested in September 2014 and failed to report to the probation department after his release from

_____

[1]    Unless noted, all further statutory references are to the Penal Code.  In June 2014, following a contested probation revocation hearing, the court determined Taylor stalked a probation officer (§ 646.9, subd. (a)), and reinstated and modified Taylor's probation, adding certain conditions.  Taylor appealed, and we affirmed.  (*People v. Taylor* (Feb. 17, 2015, A142450) [nonpub. opn].)

1

jail. The court revoked Taylor's probation and issued a bench warrant. Taylor was arrested.

Taylor's probation officer testified at a December 2014 probation revocation hearing. She stated Taylor met with a probation officer on August 7, 2014 and "was given an appointment" for August 21, 2014. Taylor failed to appear for the appointment and the probation officer called Taylor's contact number and "left a message to have [Taylor] return" the call. Taylor did not return the probation officer's call. Two days later, the probation officer spoke to Taylor's wife on the phone and obtained Taylor's residential address. The probation officer mailed Taylor a notice of an appointment for September 12, 2014. The probation officer learned Taylor was incarcerated in San Francisco County jail and mailed him a notice to appear or call the probation department within five days of being released from jail.[2] Taylor was released from jail on October 5, 2014 but he did not call the probation officer or report to the probation department. At the conclusion of the probation revocation hearing, the court determined Taylor violated probation "for failing to report to probation as directed and failing to report police contact or an arrest."

The probation department recommended Taylor's probation remain revoked and the court sentence Taylor to the upper term of four years in state prison for the section 140, subdivision (a) violation. At the sentencing hearing, Taylor's attorney urged the court to reinstate probation, and claimed the upper term was not appropriate given Taylor's substance abuse and mental health issues. The prosecutor urged the court to impose the prison term recommended by the probation department. The court "den[ied] a further grant of probation" and imposed a four-year prison term. It explained "the Court has bent over backwards to try and allow Mr. Taylor to participate on a probationary grant. . . And the bottom line is . . . he's either unwilling or unable to comply with the terms of probation. . . This has been one issue after another. I don't think he's seen a probation officer in this County more than once since he was placed on probation, and

---

[2] Taylor was charged with several crimes, including felony receiving stolen property (§ 496, subd. (a)) but the charges were dismissed.

there's always reasons and excuses[.]" The court described the aggravating factors, and observed "[t]here is simply really nothing mitigating about this offense." The court awarded Taylor custody and conduct credits and imposed various fines and fees.

Appellant filed a notice of appeal and we appointed counsel to represent him. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Court-appointed counsel presents no argument for reversal, but asks this court to conduct an independent review of the record pursuant to *Wende, supra*, 25 Cal.3d at pages 441-442. Counsel informed Taylor he had the right to file a supplemental brief on his own behalf but Taylor declined to do so.

We have reviewed the entire record and find no arguable issues on appeal. (*People v. Kelly* (2006) 40 Cal.4th 106.) Taylor was adequately represented by counsel at the probation revocation hearing and was afforded the opportunity to present evidence and cross-examine the prosecution witness. The court stated on the record its reasons for revoking Taylor's probation; the revocation of Taylor's probation was not an abuse of discretion. (§ 1203.2; *People v. Rodriquez* (1990) 51 Cal.3d 437, 445.) The court also considered the relevant factors when imposing the upper term, made all necessary and appropriate findings, and ordered the required fines and fees. (*People v. Brown* (2000) 83 Cal.App.4th 1037, 1043; Cal. Rules of Court, rules 4.420, 4.421, 4.423.)

The judgment is affirmed.

3

_____

Jones, P. J.

We concur:

_____

Needham, J.

_____

Bruiniers, J.

A142770

4