Filed 10/15/15  P. v. Dobbins CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B260315 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA093131) |
| v. | |
| DESHUN DOBBINS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura Laesecke, Judge.  Affirmed, as modified.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey and Andrew S. Pruitt, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Appellant Dobbins asserts that the trial court abused its discretion in failing to reinstate probation after he consistently failed to report and failed to enroll or to perform even one day of his Caltrans service. The appellant also complains that the abstract of judgment does not reflect his presentence custody credits. We find that the trial court did not abuse its discretion when it declined to reinstate probation and, instead, revoked probation and imposed a state prison sentence. The judgment, however, should be modified to award appellant 37 days of actual and five days of local custody credits.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged by felony complaint with second degree robbery (Pen. Code, § 211) and entered an open plea of guilty to count 1 in exchange for a five year maximum in state prison.

On August 28, 2012, the court sentenced appellant. The court ordered that imposition of sentence be suspended, that appellant be placed on three years formal probation on conditions that included a 90 day term in the county jail and 60 days of Caltrans.

On October 2, 2013, the probation department requested a calendar date based on appellant's violation of probation. Probation included as its basis for the violation a failure to report to probation as ordered and a failure to begin his Caltrans service.

On October 23, 2013, appellant appeared and admitted the violation. He failed to report and failed to do his Caltrans hours because he was busy and involved in a custody dispute. Probation was revoked and reinstated on the same terms and conditions. At the conclusion of that hearing, the court admonished appellant to "get your Caltrans/community service done, sir. Get enrolled."

In July 2014, appellant's case was again set for a possible probation violation based on his failure to report. Appellant failed to appear at that hearing and probation was revoked and a bench warrant issued.

2

On September 29, 2014, appellant, who was in custody, appeared on the probation violation. The basis for the violation included appellant's failure to report to probation as ordered and his failure to enroll or to complete his Caltrans. Appellant acknowledged that he "hasn't done basically anything on probation." Appellant acknowledged a violation of probation and the court revoked probation and sentenced him to low term in state prison. The court awarded him presentence custody credits of 42 days (38 actual and four good time/work time).

## DISCUSSION

1.    *The Trial Court Did Not Abuse Its Discretion in Refusing to Reinstate Probation.*

Appellant asserts that the trial court abused its discretion when it revoked his probation and sentenced him to prison. We disagree.

A grant of probation is an "act of clemency and grace," and in granting it, the court risks that the probationer may "commit additional antisocial acts." (*People v. Rodriguez* (1990) 51 Cal.3d 437, 445(*Rodriguez)*.) Accordingly, probation is generally reserved for those convicted criminals whose "conditional release into society poses minimal risk to public safety and promotes rehabilitation." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) And, in granting probation, courts have broad discretion to impose conditions to foster rehabilitation and protect public safety. (*Ibid.*) Where a probationer fails to abide the conditions of his probation, the court may revoke probation and impose sentence. (*Rodriguez,* at p. 445.)

In making the determination of whether to revoke probation, trial courts are afforded great discretion. (*Rodriguez, supra,* 51 Cal.3d at p. 445.) On appeal, we consider whether the order is arbitrary or capricious or exceeds the bounds of reason considering all of the facts and circumstances. (Cf. *People v. Superior Court (Du)* (1992) 5 Cal.App.4th 822, 831.)

Considering all of the facts and circumstances presented here, we cannot conclude that the trial judge's decision to revoke probation and sentence the appellant to low term in state prison was arbitrary or capricious or exceeded the bounds of reason. Appellant's probation had been revoked once for his failure to report and for his failure to complete even a single day of his Caltrans work obligation. When given a second chance to comply to the terms of probation, appellant's performance did not improve. Eight months later, appellant was still failing to report and had yet to enroll in Caltrans. Appellant's repeated failure to abide the most basic terms of his probation supports the trial court's conclusion that probation had failed as a rehabilitative device. The trial court did not abuse its discretion in concluding that there was "no point" in giving appellant another opportunity at probation.

2. *The Abstract of Judgment Should be Modified to Reflect the Correct Award of Custody Credits.*

Appellant received 42 days of custody credit, which consisted of 38 days actual custody and four days of good time/work time conduct credits. Appellant asserts that he was entitled to 37 days of actual custody credits and five days of good time/work time. As acknowledged by respondent, appellant is correct.

Appellant had 11 actual days of credit prior to his original sentence of probation. He also served 26 actual days in custody on the probation violation. Accordingly, he had 37 actual days in custody -- instead of the 38 days reflected on the abstract of judgment.

In addition, appellant [who was convicted of a violent felony] was entitled to conduct credits of 15 percent pursuant to Penal Code section 2933.1. Applying this percentage to appellant's days in actual custody, he should have received five days of conduct credit, not the four days shown on the abstract of judgment.

We modify the judgment to award appellant 37 days of actual and five days of local conduct credits. We direct the court to amend the abstract of judgment to reflect the modification and to forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

4

## DISPOSITION

The judgment is affirmed, as modified.


## *NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*



JONES, J.*



We concur:



ALDRICH, Acting P. J.



LAVIN, J.

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.