Filed 10/27/20  P. v. Baptist CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B299616 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 9PR03384) |
| v. | |
| BRANDON BRYAN BAPTIST, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Donald S. Kennedy, Commissioner.  Reversed.

Sunnie L. Daniels, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Brandon Baptist appeals from the trial court's order revoking his post-release community supervision (PRCS). Baptist contends that the trial court abused its discretion because it based the order on an incorrect legal conclusion. The People agree. We will reverse the trial court's order.[1]

## BACKGROUND

Baptist pleaded no contest in 2017 to a single count of being a felon in possession of a firearm under Penal Code section 29800, subdivision (a)(1).[2] The trial court sentenced Baptist to 16 months in state prison. Baptist was released to PRCS on July 31, 2018; among the conditions of his release were that Baptist would obey all laws and that he would not have access to ammunition.

On May 13, 2019, officers from the Los Angeles Police Department (LAPD) and the Los Angeles County Probation Department found two boxes of ammunition inside a shoe box in Baptist's bedroom in the home where he was living after his release.[3] LAPD arrested Baptist for an alleged violation of section 30305, subdivision (a)(1) (possession of ammunition by a person prohibited from possessing ammunition). The probation department filed a petition for revocation of Baptist's PRCS under sections 3455 and 1203.2 alleging that Baptist had violated the conditions of his supervision requiring him to obey all laws and to not have access to ammunition.

---

[1] Based on the parties' agreement that remand is unnecessary, we will not remand the matter for further proceedings.

[2] Further statutory references are to the Penal Code.

[3] Baptist had been released from jail after an earlier PRCS revocation petition on May 5, 2019.

At the revocation hearing, Baptist's sister testified that Baptist had only been living in the bedroom where the ammunition was found for about a week.[4]  Baptist's sister testified that the ammunition belonged to her, and that she had placed it in the closet in Baptist's bedroom about a year before the May 13, 2019 compliance check.

After an evidentiary hearing the trial court concluded that "the allegation having . . . known access to ammunition" was not true.  "As far as failure to obey all laws and arrest for conduct 30305," the trial court said, "*does not require knowledge*.  It says 'in custody or control.'  And Mr. Baptist was in control at that time of that bedroom.  Court finds the allegation true as to that." (Italics added.)  Based on its determination that Baptist had violated section 30305, subdivision (a)(1), the trial court granted the probation department's petition and revoked Baptist's PRCS.

Baptist filed a timely notice of appeal.

## DISCUSSION

We review a trial court order revoking PRCS for abuse of discretion.  (See *People v. Rodriguez* (1990) 51 Cal.3d 437, 442.) "[A]n order resting upon a ' "demonstrable error of law" ' constitutes an abuse of the court's discretion." (*People v. Jennings* (2005) 128 Cal.App.4th 42, 49.)

As the evidentiary hearing concluded, the trial court explained that it was concerned about "the lack of specific knowledge on behalf of Mr. Baptist, or any evidence . . . that he had knowledge that [the ammunition found in his bedroom] was

---

[4] Baptist had been released from jail on May 5, 2019 after an earlier PRCS revocation petition.  The events leading to this petition happened on May 13, 2019.

in a shoe box up in a closet" in the bedroom. The trial court's concern was based on the trial court's understanding that to find a PRCS violation, he must conclude that Baptist specifically knew the circumstances surrounding the existence of the ammunition in his bedroom closet. The trial court concluded that the evidence did not demonstrate Baptist knew anything about the existence or location of the ammunition, so found no violation based on Baptist's "known access to ammunition." But the trial court expressly concluded that section 30305 did not require knowledge, but merely required custody or control. The trial court concluded Baptist had custody or control of the ammunition when he was in the bedroom where it was located. The trial court's conclusion that Baptist had custody or control of ammunition and had, therefore, violated section 30305, subdivision (a)(1) was the only basis for the trial court's order revoking Baptist's PRCS.

"The firearm-and ammunition-possession offenses prohibit a felon from 'possess[ing]' or having 'under custody or control' the given item . . . *and they are general-intent crimes that require knowing possession of the prohibited item.*" [Citations.] Possession may be actual or constructive. . . . [Citations.] 'To establish constructive possession, the prosecution must prove a defendant knowingly exercised a right to control the prohibited item, either directly or through another person.' [Citations.] Although a defendant may share possession with other people, 'mere proximity,' or opportunity to access the contraband, 'standing alone, is not sufficient evidence of possession.' " (*People v. Bay* (2019) 40 Cal.App.5th 126, 131-132.) Because a violation of section 30305, subdivision (a)(1) would have required knowledge, and because the trial court concluded that the statute

4

did *not* require knowledge, the trial court based its conclusion that Baptist violated section 30305 on an erroneous understanding of the law.  The trial court, therefore, abused its discretion when it concluded that Baptist violated section 30305, subdivision (a)(1).  Furthermore, because the trial court's conclusion that Baptist violated section 30305, subdivision (a)(1) was the sole basis for revoking Baptist's PRCS, the trial court's order is reversed.  We agree with the parties that remand is unnecessary.

## DISPOSITION

The trial court's order is reversed.
NOT TO BE PUBLISHED

CHANEY, J.

We concur:

BENDIX, Acting P. J.

SINANIAN, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5