Filed 8/27/21  P. v. Scheel CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> KURT RANDALL SCHEEL, <br><br> Defendant and Appellant. | F081698 <br><br> (Super. Ct. No. 1496619) <br><br><br> **OPINION** |

### THE COURT*

APPEAL from an order of the Superior Court of Stanislaus County.  Thomas D. Zeff, Judge.

Law Office of Mark Girdner and Frederick Phillip Krueger for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Louis M. Vasquez, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

\* Before Franson, Acting P. J., Smith, J. and Snauffer, J.

Pursuant to a plea agreement, defendant Kurt Randall Scheel pled no contest to first degree burglary, and the trial court imposed a six-year sentence with execution of sentence suspended and placed him on probation. After Scheel violated probation, the trial court terminated probation and ordered the sentence executed.

Scheel appeals from the order terminating his probation and executing his previously imposed six-year prison sentence, contending the trial court mistakenly believed the plea agreement required automatic termination of probation in the event of any violation. He requests a remand for the court to consider reinstating his probation. We reject his argument. The record does not demonstrate the trial court misunderstood termination to be automatic, and instead indicates the court exercised its discretion to terminate probation and execute the prison sentence. We therefore affirm.

## FACTS

The Stanislaus County District Attorney filed a complaint charging Scheel with first degree burglary (Pen. Code,[1] § 459). On April 10, 2018, pursuant to a plea agreement, Scheel pled no contest to the first degree burglary count, and the trial court imposed a six-year prison sentence with execution of sentence suspended, imposed 180 days in jail, and ordered Scheel be placed on three years' probation. The following colloquy took place at the hearing:

> "[THE PROSECUTOR]: Your Honor, we have a proposed resolution in this case. Mr. Scheel's violation of PRCS will be dropped. In case 619, Defendant will be pleading to the first-degree burglary. He'll receive the aggravated term of six years imposed but suspended, with execution suspended. He'll serve 180 days in jail, and he'll have other standard terms.
>
> "The—in speaking to [defense counsel], the hope is that Mr. Scheel is rehabilitated. If he is not and he re-offends, he's going to prison for six years.

---

[1] Undesignated statutory references are to the Penal Code.

2.

[¶]…[¶]

"THE COURT:  Did you hear Mr. Mayne recite the terms of the agreement?

"THE DEFENDANT:  I did.

"THE COURT:  Is that your understanding?

"THE DEFENDANT:  Yes.

"THE COURT:  That's what you wish to do today?

"THE DEFENDANT:  Yes.

[¶]…[¶]

"THE COURT:  Mr. Scheel, you understand if you violate probation you are looking at six years' state prison?

"THE DEFENDANT:  Yes."

The court accepted the plea and adjudicated Scheel guilty.  In part, the court then sentenced Scheel as follows:

"THE COURT:  Mr. Scheel, I'm going to place you on 36 months' formal felony probation, during which you must obey all laws, orders, and rules of all Courts and your probation officer.  You are to report in person to the probation department at 801 11th Street, Modesto, by the close of business today, and thereafter report in person between the 1st and 15th day of each month unless otherwise directed by probation."

Also on April 10, 2018, Scheel signed a form stating the terms of his probation, which included the following:

"1.  Obey all laws; also the orders and rules of the Probation Officer and all Courts.

"2.  Report in person to the Probation Office at 801 11th Street, Suite B100, Modesto, CA, between the 1st and the 15th day of each month, unless otherwise directed by the Probation Officer, and in any case, within 7 days of any release from custody.  Report any contact with law enforcement to the Probation Officer within 24 hours."

3.

*Scheel violates probation*

On April 29, 2019, the probation department filed a violation of probation report alleging Scheel violated the terms of his probation by (1) failing to report to the department upon being released from home detention and (2) failing to report to the department since May 24, 2018.  The report recommended probation be revoked and Scheel be sentenced to prison.

At an October 2, 2019,[2] hearing, Scheel admitted to violating the terms of his probation.  Scheel did not designate the reporter's transcript of this hearing as part of the appellate record.  The court set the sentencing hearing for October 25, and instructed the parties to submit sentencing reports ahead of the hearing if they wished.

*Sentencing hearing*

The sentencing hearing was held on October 25.  Both parties submitted reports ahead of the hearing.  The People urged the court to terminate probation and execute the six-year sentence, and Scheel requested the court continue him on probation.  The following colloquy took place at the hearing:

> "THE COURT:  This is on for sentencing.  The Court has received, read, and considered the defendant's sentencing statement and the People's sentencing statement.
>
> "Anything further, [defense counsel]?
>
> "MR. KRUEGER:[3]  Subject to Court's questions, no.
>
> "THE COURT:  I don't have any questions.  All I'm here to do is sentence.
>
> "MR. KRUEGER:  Well, I would only say, your Honor, that I think this case has a bit of an interesting history, as I outlined in my sentencing brief.  And I would note that I think Mr. Scheel, essentially, at this point is

---

[2] References to dates are to dates in 2019 unless otherwise stated.

[3] Scheel was represented in the trial court by the same counsel, Mr. Krueger, as he is on appeal.

4.

doing the best he can to be a very good father and a law-abiding citizen. With that, I submit.

"THE COURT:  Mr. Collins?

"MR. COLLINS [THE PROSECUTOR]:  I would submit on our sentencing brief, your Honor.

"THE COURT:  All right.  So when he pled and was given local time and probation, he was also sentenced to six years; correct?

"MR. KRUEGER:  Correct.

"THE COURT:  Suspended.

"MR. KRUEGER:  Correct.

"THE COURT:  And told if he failed probation, he could get six years' state prison, correct?

"MR. KRUEGER:  Correct.

"THE COURT:  And that was the deal that was struck.

"MR. KRUEGER:  Correct.

"THE COURT:  Isn't that binding?

"MR. KRUEGER:  I don't—the way I see it, your Honor—

"THE COURT:  Shouldn't it be binding?

"MR. KRUEGER:  If he fails probation, yes.  I don't necessarily think he has failed probation.  I think he has violated probation, which we admitted to.  I don't necessarily think he has failed probation.

[¶]…[¶]

"THE COURT:  Is time waived for sentencing?

"MR. KRUEGER:  So waived.

"THE COURT:  Any legal cause?

"MR. KRUEGER:  None.

5.

"THE COURT: Pursuant to the agreement previously reached and confirmed in the plea report, he will be sentenced to the upper term of six years' state prison. Fees and fines will be converted."

## DISCUSSION

Scheel contends the trial court mistakenly believed the plea agreement required automatic termination of probation in the event of any violation, and he requests a remand for the court to consider reinstating probation. We reject his argument because the record does not reflect the court misunderstood the terms of the plea agreement, and instead indicates the court's order was a proper exercise of discretion.

### I. Appellate review

#### A. Basic principles of appellate practice

Some of the basic rules of appellate review play a decisive role in the outcome of this appeal. The most fundamental of these rules "is that the judgment [or order] challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) The presumption of correctness is the foundation for the rule of appellate practice that, when the appellate record is silent on a matter, the reviewing court " 'must indulge in every presumption to uphold a judgment.' " (*People v. Tang* (1997) 54 Cal.App.4th 669, 677.) "[A]ny uncertainty in the record must be resolved against the defendant." (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 549.)

#### B. Standard of review

A court may revoke probation if the interests of justice so require and the court, in its judgment, has reason to believe that the person has violated any of the conditions of supervision. (§ 1203.2, subd. (a); *People v. Leiva* (2013) 56 Cal.4th 498, 504.) The facts supporting revocation of probation may be proved by a preponderance of the evidence (*People v. Rodriguez* (1990) 51 Cal.3d 437, 439 (*Rodriguez*)), and we review the trial court's factual findings for substantial evidence (*People v. Superior Court (Jones)* (1998) 18 Cal.4th 667, 681.) We will not disturb a trial court's decision to revoke probation

absent an abuse of discretion. (*People v. Galvan* (2007) 155 Cal.App.4th 978, 981—982.) We interfere with the trial court's exercise of discretion " 'only in a very extreme case.' " (*Rodriguez,* at p. 443.) "When the record reveals that a defendant's violation of the terms of probation was the result of irresponsible or willful behavior, termination of probation and imposition of a prison sentence is no abuse of discretion." (*People v. Kingston* (2019) 41 Cal.App.5th 272, 278 (*Kingston*).)

## II. Analysis

The plea agreement did not require automatic termination of probation in any circumstance, and the record does not demonstrate the trial court mistakenly believed it did. To the contrary, the record indicates the trial court correctly understood it had discretion to either continue probation or terminate it and order the suspended sentence executed. The court solicited sentencing statements from the parties and stated on the record at the October 25 hearing that it had read and considered the submitted statements. The court also asked the parties at the hearing if they would like to make any further comments before the court pronounced its order. This indicates the court made a considered decision to terminate probation. Moreover, neither the court nor the parties ever expressly or impliedly referred to an automatic termination of probation.

Furthermore, the record of the October 25 hearing is consistent with the trial court concluding the interests of justice required terminating probation, and recognizing it was then bound to execute the six-year sentence. "[W]hen execution of sentence is suspended, a trial court revoking probation must order the exact imposed sentence into effect, without change." (*People v. France* (2020) 58 Cal.App.5th 714, 719.) Because the court's colloquy is congruous with a correct understanding of the plea agreement and

applicable law, we conclude Scheel has not carried his burden of affirmatively demonstrating error and we therefore affirm.[4]

We also wish to mention that Scheel's admission he violated probation precluded a finding the trial court abused its discretion in terminating probation.  (*Kingston, supra,* 41 Cal.App.5th at p. 278.)

## DISPOSITION

The order terminating Scheel's probation and executing his previously imposed six-year prison sentence is affirmed.

---

[4] Having adjudicated Scheel's claim on the merits, we need not address the People's claim of forfeiture.