Filed 11/18/25  P. v. McClelland CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT JOHN McCLELLAND,<br><br>    Defendant and Appellant. | B341128<br><br>(Los Angeles County<br>Super. Ct. No. VA032428) |

APPEAL from an order of the Superior Court of Los Angeles County, Maria A. Davalos, Judge.  Reversed and remanded with directions.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Jonathan M. Kraus and Nancy Lii Ladner, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In July 1995, appellant Robert John McClelland pled guilty to two counts of committing a lewd act with a child under 14. The court imposed and suspended a six-year sentence and placed McClelland on three years' probation. On January 21, 1998, McClelland's probation officer filed a report with the court, recommending revocation of probation due to McClelland's failure to report, and the court summarily revoked probation at a hearing on the same date. In 2001, McClelland was convicted in Arizona for molesting a child in September 1998 and sentenced to 24 years in prison. He was released in May 2024.

In October 2024, the court found McClelland violated probation by not appearing at the January 1998 hearing, and by molesting a child in September 1998. The court revoked McClelland's probation and sentenced him to six years in prison.

Because we conclude no substantial evidence supports a finding that McClelland willfully failed to appear at the January 1998 hearing and because the September 1998 offense occurred after McClelland's probation had ended, we reverse.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

### A. *The Court Revokes Probation*

In May 1995, a felony complaint charged McClelland with seven counts of committing a lewd act with a child under 14. The complaint was later reduced to four counts. In July 1995, pursuant to a plea bargain, McClelland pled guilty to two counts,

---

[1] The parties also dispute whether the court correctly calculated McClelland's custody credits. We need not resolve this dispute because we conclude McClelland's sentence must be vacated.

and the court dismissed the remaining two.  The court sentenced him to six years in prison but suspended the sentence, opting instead to place him on three years' probation, under the condition that he serve 365 days in county jail.  The court also ordered him to "stay away from children under 14 years of age" and "obey all laws and orders of the court."

A January 21, 1998 minute order indicates McClelland's "CASE [was] CALLED FOR POSSIBLE VIOL. OF PROBATION."  The Probation Officer's Report filed that same day stated McClelland "last reported" in September 1997, that an "appointment letter" was sent to McClelland in early December 1997 with no response, and that a "check" on December 24, 1997 revealed McClelland was "not in local custody."  McClelland did not appear at the hearing, and the court revoked his probation and issued a bench warrant.

In February 2001, an Arizona court sentenced McClelland to 24 years for molesting a child in September 1998.  He was released in May 2024.

### B.    *The Court Sentences McClelland to Prison*

At a June 2024 hearing, the court recalled the bench warrant.

In October 2024, the court held a probation violation hearing.  A fingerprint technician testified that the fingerprints taken in May 1995 on a "tenprint" card labeled Robert John McClelland were identical to fingerprints taken in June 2024 on a tenprint card labeled Robert John McClelland.[2]  Those

---

[2] The parties stipulated the booking number associated with the June 2024 tenprint card was the booking number under which McClelland was currently booked.

fingerprints were also identical to a set of fingerprints on a card provided by the Arizona Department of Corrections labeled Robert McClelland. The Arizona Department of Corrections provided a picture of the defendant whom its court had sentenced as Robert McClelland, and the superior court concluded the person in the picture was defendant and appellant McClelland.

After the presentation of evidence, the prosecutor argued that the person who was convicted in the Arizona case and the probationer before the court were the same person (McClelland), that McClelland's Arizona conviction "served as a violation of his probation," and requested the court impose the suspended six-year sentence. McClelland's counsel did not dispute the Arizona conviction, and submitted to the court's determination as to "whether the People have met their burden" to prove a violation "during the term of [McClelland's] probation." Counsel additionally objected to sentencing "under due process and 8th Amendment grounds," because McClelland had already served 24 years in Arizona.

The court took judicial notice that the court had previously issued a warrant for McClelland's arrest in January 1998 "because he failed to appear," and noted McClelland "would simply be in violation for failing to appear . . . on January 21st, 1998." The court also remarked that, had McClelland appeared in court after the January 1998 bench warrant, the court would have extended probation for six months after it ended in July 1998, because "that was the law back then," which would mean McClelland committed the offense leading to his Arizona conviction while still on probation in California. The court then found McClelland violated probation on two grounds: "for failing to appear for his probation set-on and for the technical violation

4

of having committed an offense when his probation would have been extended for that period of time."  The court sentenced McClelland to six years with 374 days of custody credit.

McClelland timely appealed.

## DISCUSSION

McClelland argues the court erred in finding he violated probation because "the basis for revoking appellant's probation . . . was based on conduct occurring after his probationary term had ended" and there was no evidence presented that McClelland "knew he had been ordered to appear in court on that day [in January 1998] or why he had been ordered to appear."

### A.  *McClelland's Arizona Crime Cannot Be the Basis of a Probation Violation*

When a court summarily revokes a defendant's probation, "[t]he revocation, summary or otherwise, shall serve to toll the running of the period of supervision."  (Pen. Code, § 1203.2, subd. (a).)  However, the "tolling provision preserves the trial court's authority to adjudicate, in a subsequent formal probation violation hearing, whether the probationer violated probation during, but not after, the court-imposed probationary period." (*People v. Leiva* (2013) 56 Cal.4th 498, 502.)  In other words, because McClelland's three-year probation term ended in July 1998, the court could adjudicate after July 1998 whether acts McClelland committed between July 1995 and July 1998 violated his probation, but could *not* adjudicate whether acts committed after July 1998 violated his probation.

It is undisputed that the act of molestation McClelland was convicted of in Arizona occurred in September 1998, after

McClelland's probation ended. Therefore, that act cannot be the basis of finding McClelland violated probation.

The Attorney General does not dispute this. The Attorney General offers no authority, and we are aware of none, that permits a superior court to find a probation violation based on a belief that the court would have extended the length of probation had the probationer appeared before the court, when this did not actually occur. Instead, the Attorney General argues "[e]ven if the court improperly relied on the crime occurring outside of the probationary period, such error was harmless because the court also independently relied on a violation occurring within the probationary period." We address that contention next.

### B.    *No Evidence Supports a Finding of a Willful Violation for a Failure to Appear*

" 'Revocation [of probation] rests in the sound discretion of the court. Although that discretion is very broad, the court may not act arbitrarily or capriciously; its determination must be based upon the facts before it.' " (*People v. Zaring* (1992) 8 Cal.App.4th 362, 378.) A court abuses its discretion in finding a defendant violated a condition of probation unless "the evidence supports the conclusion that the conduct . . . constituted a willful violation of that condition." (*Id.* at p. 379; see also *People v. Galvan* (2007) 155 Cal.App.4th 978, 982 [" '[T]he facts supporting revocation of probation may be proven by a preponderance of the evidence.' (*People v. Rodriguez* (1990) 51 Cal.3d 437, 439 [272 Cal.Rptr. 613, 795 P.2d 783].) However, the evidence must support a conclusion the probationer's conduct constituted a willful violation of the terms and conditions of probation"]; *People v. Sem* (2014) 229 Cal.App.4th 1176, 1188 ["a willful violation is a prerequisite to revoking probation"].)

6

The only evidence adduced at the probation violation hearing was that the person before the court was the same person placed on probation in July 1995, and the same person sentenced in Arizona for child molestation. This person was McClelland. On its own motion, the court took judicial notice of a minute order showing that McClelland did not appear at a January 1998 probation violation hearing, but neither the minute order nor anything else at the hearing demonstrated the existence of any court order to appear. Even assuming the existence of any such order, no evidence demonstrated McClelland was aware of any order to appear. Finally, even assuming McClelland's awareness of any such order to appear, no evidence demonstrated any willful failure to appear. Therefore, McClelland's failure to appear at the January 1998 hearing also cannot serve as the basis for finding he violated probation.

Because neither basis articulated by the superior court for finding McClelland violated probation can actually be a basis for a probation violation under the facts of this case, we must reverse the judgment and vacate his sentence.

## DISPOSITION

We reverse the court's finding that McClelland violated his probation in case VA032428. The six-year sentence imposed on McClelland in case VA032428 is vacated. On remand, the superior court shall prepare a new abstract of judgment evidencing the vacating of the six-year sentence and shall

forward the new abstract of judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED

M. KIM, J.

We concur:

BENDIX, Acting P. J.

WEINGART, J.